THE STATE OF NEVADA, ON THE RELATION OF FRED S. ALWARD, PETITIONER, *v.* LOCAL ADMINISTRATIVE COMMITTEE OF DISTRICT NO. 1, COMPRISING CLARK AND LINCOLN COUNTIES OF THE STATE OF NEVADA, RESPONDENT.

No. 3183

June 3, 1937.                                      68 P. (2d) 581.

*George E. Marshall,* Attorney for petitioner, presented oral argument but did not file a brief.

*Paul Ralli* and *Gray Gubler,* for Respondent:

## OPINION

By the Court, TABER, J.:

The Las Vegas bar association was formed in January 1934. Its governing board is known as the board of trustees. On January 31, 1934, according to the complaint hereinafter mentioned, said bar association, of

which petitioner herein was a member, unanimously adopted the following rule: "Minimum divorce fee in default cases and cases not actually contested, $100.00, excluding costs, provided that the Board of Trustees is authorized to fix a lesser amount in deserving cases * * * applications for a lesser fee shall be made to the Board of Trustees by the attorney representing the plaintiff *. * * such application to be made at least a week prior to the filing of the complaint."

In January 1937, a complaint was filed with the local administrative committee of the state bar of Nevada, for Clark and Lincoln Counties, charging petitioner, among other things, with a violation of said rule. The complaint alleged that on February 10, 1934, petitioner subscribed and swore to an oath and affidavit, the body of which read as follows: "That he is a member of the Las Vegas Bar Association; that the said Association has adopted a minimum fee in default divorce cases and divorce cases not actually contested; that he assents to the adoption of such minimum fee and will abide by the said rule, while a member of the Las Vegas Bar Association; that he will charge and retain said minimum fee in all cases except where a different fee is authorized in writing by the Board of Trustees; that he shall remain a member of the said Las Vegas Bar Association until his written resignation shall be filed with the Secretary or President of said Association."

Said complaint further charged that on December 21, 1936, while petitioner was a member of said bar association, and while said rule was in effect, and known by petitioner to be in effect, he charged and accepted the sum of $44, exclusive of costs, in full for his services in representing a certain-named client in a divorce action, and in obtaining for said client a decree of divorce.

It is also alleged that on December 28, 1936, petitioner subscribed and swore to a false oath and affidavit relating to said action, the body of which was in the following words: "I, Fred S. Alward, being duly sworn on oath depose and say: that in the above entitled case, I

have charged and received, in cash, a fee not less than the minimum fee established by the Las Vegas, Nevada, Bar Association, or if the Board of Trustees of said Bar Association have fixed a fee in the above entitled case, less than the minimum, that I have charged said fee so fixed, and received the same in cash or property or otherwise as fixed by the Board of Trustees in this particular case; and I further state the fact to be that the amount charged for services in the above entitled case, exclusive of court costs, has not been shared and will not be shared with anyone other than a member of the State Bar of Nevada, or an attorney at law in good standing in one of the several states or territories of the United States or of a foreign country."

Petitioner, according to said complaint, "has never consulted the Board of Trustees of said Association relative to said divorce action, and said Board of Trustees have never fixed a fee in said action less than said minimum fee of $100.00 or otherwise."

During all the year 1936, and prior thereto, petitioner, as is further charged in the complaint, made continual representations to approximately nine-tenths of those members of the state bar practicing and residing in Clark County, Nevada, that he would charge and collect a fee of not less than $100 in any uncontested divorce action in said county, except where, on application, the board of trustees of said bar association should permit a reduction.

Said violations of the rule are alleged in the complaint to have been willfully committed, with intent to deceive the other members of said bar association who, it is charged, relied upon petitioner's representations to their damage, in that legal business which would otherwise have come to them was thereby diverted to him.

Petitioner attempted to file a general demurrer to said complaint, but the committee refused to entertain it, and granted him six days additional time within which to file his answer; whereupon he applied to this court for

a writ of prohibition, and an alternative writ was issued and served. The petition, after setting forth the proceedings thus far had, alleges that the committee threatens to and will continue to prosecute the case, and will, if not prohibited, enter petitioner's default for failure to answer, proceed with the taking of testimony, and render an order in said cause.

Petitioner contends that the committee is without jurisdiction to take further proceedings, for the following reasons: (a) The complaint does not state facts sufficient to constitute a "cause of action" against him; (b) the action of the committee in refusing to entertain his demurrer is violative of his constitutional right to properly defend himself. He maintains that prohibition is the proper remedy because he has no other speedy or adequate remedy, by appeal or otherwise, and, if the committee is permitted to take further proceedings, he will be caused great embarrassment, financially and otherwise, and will lose the political support of his friends and constituents.

The act relative to attorneys and counselors at law, approved October 31, 1861 (sections 591 to 617 N. C. L. 1929) provides for the removal or suspension of attorneys by proceedings in this court. Sections 21, 22, and 23 of this act (sections 611, 612 and 613 N. C. L. 1929) read as follows:

"SEC. 21. The accused may answer the accusation, either by objecting to the sufficiency, or by denying its truth."

"SEC. 22. If he objects to the sufficiency of the accusation, the objection shall be in writing, but need not be in any specific form, it being sufficient if it present intelligibly the grounds of the objection. If he deny the truth of the accusation, the denial may be oral, and without oath, and shall be entered upon the minutes."

"SEC. 23. If an objection to the sufficiency of the accusation be not sustained, the accused shall answer forthwith."

The state bar act (sections 540 to 590 N. C. L. 1929) was approved January 31, 1928, and has been held constitutional by this court. In re Scott, 53 Nev. 24, 292 P. 291. Section 25 of this act (section 564 N. C. L. 1929) provides that: "With the approval of the supreme court, the board shall have power to formulate and enforce rules of professional conduct for all members of the bar in the state." Pursuant to this section, rules of procedure were adopted by the board of governors of the state bar on October 26, 1934, and approved by this court the following month. Rules XII, XXIII, XXIV, and XXXI are as follows:

"Rule XII. Pleadings. The only pleadings permissible upon proceedings before the board of governors or a local administrative committee, against a member of the state bar. are the complaint and the answer thereto. Demurrers and motions to strike shall not be allowed.

"Rule XXIII. Form of Answer. No set form of answer is required, but all admissions, denials and statements in explanation of any allegations of the complaint must be set forth in ordinary and concise language.

"Rule XXIV. Date of Hearing. Upon filing answer, or upon expiration of the time for filing the same, the local administrative committee or the secretary thereof, upon order of the committee, shall fix the time and place of hearing and give notice thereof of not less than ten (10) days to the complainant and also the accused if he has answered. * * *

"Rule XXXI. Speedy Trial and Prompt Decision. It shall be the duty of the committee to proceed to a speedy trial and prompt decision."

■■ Petitioner has cited no authority to support his contention that the committee's refusal to entertain his demurrer violated his constitutional right to defend himself, and we have been unable to find any such authority. He argues, however, that rule XII of the rules of procedure is controlled by the sections of the act of 1861 hereinbefore quoted. We do not concur in this view. We are of the opinion, however, that an

attorney against whom a complaint is filed with a local administrative committee has the right to present jurisdictional questions and such contentions as that the complaint does not state facts sufficient to warrant disbarment, suspension, or other disciplinary proceedings. But this must be done by answer, not by demurrer or motion; and the charges in the complaint must at the same time be answered on the merits. Ordinarily an answer is intended to raise only issues of fact; but such is not always the case. We think the intent of rule XII is to prevent delays.

█ When the answer contains objections going to the jurisdiction, or to the sufficiency of the facts alleged in the complaint, a commendable practice would be for the committee to first dispose of such issues of law. This would give the complainant an opportunity to amend its complaint if vital defects should be made to appear, and at the same time would be fair to the accused in that he would not be forced to a hearing on the merits before the committee decides that it has jurisdiction and that the complaint is free from fatal defects. Short postponements could be had, if necessary or proper, in accordance with rule XXVI of the rules of procedure.

█ We find ourselves unable to agree with petitioner in his contention that the complaint filed with the committee does not state sufficient facts. Several acts of misconduct are alleged. If any one of these constitutes professional misconduct, it is sufficient for the purposes of the instant proceeding; and we are clearly of the opinion that the alleged affidavit of December 28, 1936, taken in connection with other facts alleged in the complaint, is alone sufficient to support disciplinary proceedings before the committee. We do not decide whether other alleged acts of professional misconduct are such as to warrant such proceedings, and we do not feel called on, in this proceeding, to determine whether the minimum fee rule adopted by the Las Vegas bar association on January 31, 1934, is itself ethical. We naturally assume that the Las Vegas bar association and the local

administrative committee for Clark and Lincoln Counties are familiar with canon 12 of the Canons of Professional Ethics of the American Bar Association, and opinion 28 of the Committee on Professional Ethics and Grievances of that association. Attention may also be here directed to an article entitled "Some Researches into the Matter of Minimum Fees for Lawyers," by the chairman of the minimum fee committee of the Cleveland bar association, appearing in the January 1935 issue of the American Bar Association Journal. Our mention of said opinion 28 and of the article in the American Bar Association Journal is not to be taken as an expression of opinion that the minimum fee rule of the Las Vegas bar association is or is not an obligatory fee schedule.

The alternative writ heretofore issued is set aside, and the petition dismissed.