J. W. DIGNAN, Petitioner, v. THE STATE BAR OF NEVADA, a Public Corporation, Respondent.

No. 3156

July 30, 1937.                                    70 P. (2d) 774.

*J. W. Dignan,* pro se.:

*Chas. A. Cantwell* and *A. R. Schindler*, for Respondent:

# OPINION

By the Court, TABER, J.:

In September 1935, the local administrative committee of the state bar, district No. 5, filed a complaint against petitioner containing three charges of professional misconduct. After notice, petitioner filed his answer, and a hearing was had in which petitioner appeared personally and testified. The evidence was insufficient to support the second and third charges, but the local administrative committee found that petitioner was guilty of the first charge, and recommended that he be disciplined by reproval, as provided in section 565 N. C. L. 1929, "and in the event that N. C. L. sec. 568, and rules I and II, of the rules of professional conduct be deemed controlling by the board of governors, then for such professional misconduct, the accused, J. W.

Dignan, be punished by suspension from the practice of law, for a period of fifteen days."

Said first charge preferred against petitioner was that on February 9, 1933, he wrote, or caused to be written, a letter to a certain-named lady in New York, soliciting from her certain legal business to be performed in the State of Nevada. This letter, admitted in evidence at the hearing, was from Reno, and stated that petitioner had just learned of the death of addressee's mother and extended his sympathy. We quote the following pertinent statements in this letter: "I have not had occasion to correspond with you for a long time, as there seemed to be nothing in particular to write about. Since I last wrote you I moved from Winnemucca to Reno, Nevada, about June 1st, 1932. * * * I will, therefore, be located permanently in Reno. I have my family here and have a home here and expect to continue the practice of the law here. I am in a position to handle for you any legal matters you may have in the State of Nevada, and I feel that I am so much better qualified to do things for you than any other attorney, since I handled your father's estate for you, and I am quite familiar with all of the properties belonging to your mother. I assume that your mother left a will, and of course, probate proceedings in Humboldt County will be necessary, and I could easily conduct the proceeding for you as I can reach Winnemucca quite easily by machine in a few hours. I know all the angles and all of the people connected with matters which you may have pending there, and I am sure that I can do more for you than an attorney who is not familiar with the interests which your mother has in Nevada. * * * You should know whether I handled your father's estate matters satisfactorily for you, and if you feel that I can serve you again satisfactorily I would very much appreciate it."

In March 1936, petitioner filed with the board of governors of the state bar his opposition to the findings

and recommendations of the local administrative committee, but did not ask for a trial de novo or for the taking of additional evidence. In May 1936, the board of governors considered the report of the local administrative committee, petitioner's statement in opposition thereto, the transcript of the testimony taken before said committee, and the other papers in the record; and on June 4, 1936, made its report to this court in which it found as a fact that, on said 9th day of February 1933, petitioner wrote or caused to be written a letter addressed to the lady hereinbefore mentioned, in which letter petitioner solicited from her certain legal business to be performed in the State of Nevada. As a conclusion of law, the board of governors found that petitioner was guilty of professional misconduct. Said report of the board of governors entitled "Findings and Recommendations," concluded with the following: "It is therefore recommended to the Supreme Court by the Board of Governors of the State Bar of Nevada, that the accused, J. W. Dignan, be disciplined by the Supreme Court of the State of Nevada, by reproval, as provided in N. C. L. sec. 565, and in the event that N. C. L. sec. 568 and Rules I and II of the Rules of Professional Conduct be deemed controlling by the said Honorable Court, then for such professional misconduct, the accused, J. W. Dignan, be punished by suspension from the practice of law, for a period of fifteen days."

In the instant proceeding petitioner has prayed this court, under the provisions of section 577 N. C. L. 1929, for a review of said action of the board of governors and the local administrative committee. At the hearing in this court petitioner made a motion to dismiss, upon the ground that the court was without jurisdiction. He also moved the court to strike the proceedings from its files.

■■ The chief contention of petitioner is that this court is without power or jurisdiction to *reprove* an attorney for unprofessional conduct. Section 14 of an act relative to attorneys and counselors at law, approved

October 31, 1861, page 6, c. 6 (section 604 N. C. L. 1929), reads as follows: "An attorney and counselor may be removed or suspended by the supreme court, and by no other court in the territory, for either of the following causes arising after his admission to practice: First— Upon his being convicted of felony or misdemeanor, involving moral turpitude, in either of which cases the record of his conviction shall be conclusive evidence. Second—For wilful disobedience or violation of the order of a court requiring him to do or forbear an act connected with or in the course of his profession. Third—For misconduct in office, or for good cause shown." Section 26 of the state bar act, approved January 31, 1928, p. 13, c. 13 (section 565 N. C. L. 1929), provides, in part, that "The board of governors shall have power, after a hearing for any of the causes set forth in the laws of the State of Nevada warranting disbarment, or suspension, to disbar members or to discipline them by reproval, public or private, or by suspension from practice."

It is our opinion that this court has always had the power to reprove, censure, or reprimand attorneys for professional misconduct, as well as to disbar or suspend them from practice. It is unnecessary to cite the numerous decisions in other states on this question as this court, long before Nevada had a state bar act, expressly recognized its power to reprimand as well as to disbar or suspend from practice. In re Breen, 30 Nev. 164, at page 183, 93 P. 997, 17 L. R. A. (N. S.) 572.

In the state bar act of 1928 (sections 540–590 N. C. L. 1929), no attempt was made by the legislature to limit the powers of this court in disbarring or disciplining attorneys. On the contrary, the last sentence of said section 565 N. C. L. 1929, expressly provides that "Nothing in this act contained shall be construed as limiting or altering the powers of the courts of this state to disbar or discipline members of the bar as this power at present exists."

Rule I of the rules of professional conduct of the state

bar of Nevada reads, in part, as follows: "The specification of these rules of certain conduct as unprofessional is not to be interpreted as an approval of conduct not specifically mentioned. In that connection the Canons of Ethics of the American Bar Association are commended to the members of the state bar. Nothing in these rules is intended to limit or supersede any provision of law relating to the duties and obligations of attorneys or the consequences of a violation thereof."

■ Petitioner further contends that this court is without jurisdiction for the reason that the complaint against him, filed with the local administrative committee, was and is fatally defective in that it fails to charge that the solicitation of professional employment was willful. Rule I of the rules of professional conduct, already referred to, provides, in part, that "The wilful breach of any of these rules shall be punishable by suspension from the practice of law for a period not to exceed one year." Rule II reads as follows: "A member of the State Bar shall not solicit professional employment by advertisement, or otherwise. This rule shall not apply to the publication or use of ordinary professional cards, or conventional listings in legal directories."

The objection based upon the failure of the complaint to charge a willful violation of rule II seems to have been made for the first time in this court. It could and should have been made, if at all, in petitioner's answer to the complaint filed with the local administrative committee. Such an objection comes too late when made for the first time in a petition to this court for review.

■ The local administrative committee and the board of governors recommended that petitioner be reproved if that could be lawfully done, otherwise that he be suspended from practice for fifteen days. As this court has the power to reprove, it is our opinion that the recommendation in the alternative did not constitute a serious irregularity.

■ On the merits, it is the opinion of the court that

the sending of the letter hereinbefore mentioned consti-
tuted a solicitation of professional employment in vio-
lation of rule II of the rules of professional conduct of
the state bar of Nevada. The fact that petitioner had
some time previously acted as attorney in the estate of
the father of the addressee of the letter of February 9,
1933, is not sufficient to take the case out of said rule II.
At the time the letter was written and sent, no relation
of attorney and client had existed between petitioner
and any member of addressee's family for a consider-
able period of time.

The court adopts the recommendation of the local
administrative committee and the board of governors
that petitioner be reproved, and an order will be entered
that this opinion shall constitute such reproval.

It is further directed that orders be entered denying
petitioner's motion to dismiss and his motion to strike
from the files.