## In the Matter of FRED S. ALWARD, ATTORNEY AT LAW.

No. 3226

December 30, 1938. 86 P. (2d) 27.

*George E. Marshall,* for Petitioner, did not file a brief, but made an oral argument.

*V. Gray Gubler,* for Complainant:

## OPINION

By the Court, DUCKER, J.:

On the 3d day of September 1937, the board of governors of the state bar of Nevada, on findings duly made by it, concluded that the above-named attorney was guilty of professional misconduct, and recommended that he be disciplined by this court by suspension from membership in said state bar for a periof of six months and until he be reinstated by order of the court. The findings of the board and its recommendations, with a transcript of the evidence and proceedings in the matter, were filed by the board with the clerk of this court on the 20th day of January 1938.

The proceeding in this court was instituted on petition of said attorney to review the decision of the board of governors. On the hearing of the petition, the accused moved to dismiss the proceeding upon the ground that this court was without jurisdiction to hear or determine the matter. The motion and the merits of the matter were submitted together. We will first dispose of the motion.

■ The jurisdictional point raised is based on the application of a provision of section 565 N. C. L., to the fact that over four months intervened between the rendition of its decision and the filing with the clerk of this court by the board of a certified copy thereof together with its findings and a transcript of the evidence and proceedings in the matter. The provision relied on as divesting this court of jurisdiction reads: "Upon the making of any decision resulting in disbarment or suspension from practice, said board shall immediately file a certified copy of said decision, together with said transcript and findings, with the clerk of the supreme court."

There may have been a tardy filing of the record made by the board of governors with the clerk, but that would not affect the power of this court to hear and determine the matter. Its jurisdiction in this respect is inherent, and the requirement of the provision, that the record shall be filed immediately, is merely a part of the procedure by which such jurisdiction is to be exercised. If the filing is unduly delayed it may be accelerated by appropriate proceedings, but such delay will not divest this court of jurisdiction.

We are not impressed with the claim of damages occasioned accused in his law practice and political prospects by the action of the board of governors in not sooner filing the record with the clerk. Accused made no application to this court for an earlier filing. He took fifty-seven days out of the sixty prescribed for filing his petition for a review, and thereafter made no application to have the matter set down for hearing in

this court. He was content to let it rest. In the meantime, he has not been suspended from the practice of the law. Our conclusion is that any damage he may have sustained was negligible.

The motion to dismiss is denied.

Now as to the merits. A complaint was filed with the local administrative committee of the state bar of Nevada for Clark and Lincoln Counties, against the accused, alleging in substance that he violated a rule of the Las Vegas bar association, of which he was a member, which he had sworn to observe, and made a false affidavit in connection therewith. A hearing was had by the committee, at which accused was present, and evidence was taken upon the charges made in the complaint. The committee decided that he was guilty as charged, and recommended that he be suspended from the practice of the law for a period of six months. The committee forwarded the report of its findings and recommendations, together with a transcript of the proceedings and testimony had and given at the hearing, to the board of governors for action, on July 8, 1937.

Notice thereof was duly given to the accused by the board of governors in conformity with rule XXXII of the rules of procedure of the state bar of Nevada. Thereafter the petitioner, having filed no statement in opposition to the recommendation with the board of governors within the time prescribed by said rule, the board proceeded as heretofore stated.

The rule the accused is charged with violating, and concerning which the false affidavit was allegedly made, is as follows: "Minimum divorce fee in default cases and cases not actually contested, $100.00, excluding costs, provided that the board of trustees is authorized to fix a lesser amount in deserving cases. * * * Application for a lesser fee shall be made to the board of trustees by the attorney representing the plaintiff. * * * Such application to be made at least a week prior to the filing of the complaint."

The sufficiency of the complaint lodged with the local administrative committee was before us in State ex rel. Alward v. Local Administrative Committee of Dist. No. 1, 58 Nev. 47, 68 P.(2d) 580. Its allegations were stated in that opinion substantially as follows: "On February 10, 1934, petitioner subscribed and swore to an oath and affidavit, the body of which read as follows: 'That he is a member of the Las Vegas Bar Association; that the said Association has adopted a minimum fee in default divorce cases and divorce cases not actually contested; that he assents to the adoption of such minimum fee and will abide by the said rule, while a member. of the Las Vegas Bar Association; that he will charge and retain said minimum fee in all cases except when a different fee is authorized in writing by the Board of Trustees; that he shall remain a member of the said Las Vegas Bar Association until his written resignation shall be filed with the Secretary or President of said Association.' * * * On December 21, 1936, while petitioner was a member of said bar association, and while said rule was in effect, and known by petitioner to be in effect, he charged and accepted the sum of $44, exclusive of costs, in full for his services in representing a certain named client in a divorce action, and in obtaining for said client a decree of divorce. * * * On December 28, 1936, petitioner subscribed and swore to a false oath and affidavit relating to said action, the body of which was in the following words: 'I, Fred S. Alward, being duly sworn on oath depose and say: that in the above entitled case, I have charged and received, in cash, a fee not less than the minimum fee established by the Las Vegas, Nevada, Bar Association, or if the Board of Trustees of said Bar Association have fixed a fee in the above entitled case, less than the minimum, that I have charged said fee so fixed, and received the same in cash or property or otherwise as fixed by the Board of Trustees in this particular case; and I further state the fact to be that the amount charged for services in the above entitled

case, exclusive of court costs, has not been shared and will not be shared with any one other than a member of the State Bar of Nevada, or an attorney at law in good standing in one of the several states or territories of the United States or of a foreign country.' Petitioner, according to said complaint, 'has never consulted the Board of Trustees of said Association relative to said divorce action, and said Board of Trustees have never fixed a fee in said action less than said minimum fee of $100.00 or otherwise.' During all the year 1936, and prior thereto, petitioner, as is further charged in the complaint, made continual representations to approximately nine-tenths of those members of the State Bar practicing and residing in Clark county, Nev., that he would charge and collect a fee of not less than $100 in any uncontested divorce action in said county, except where, on application, the Board of Trustees of said bar association should permit a reduction. The violations of the rule are alleged in the complaint to have been willfully committed, with intent to deceive the other members of said bar association who, it is charged, relied upon petitioner's representations to their damage, in that legal business which would otherwise have come to them was thereby diverted to him."

■ The evidence adduced at the hearing before the local administrative committee, and admissions there made by the accused, are all in the record sent up by the board of governors, and if the weight thereof supports said allegations, State ex rel Alward v. Local Administrative Committee of Dist. No. 1, supra, would seem to be ruling so far as a case for discipline is presented. We there held that the alleged affidavit of December 28, 1936, taken in connection with other facts alleged in the complaint, was alone sufficient to support disciplinary proceedings before the committee. We find no variance between the evidence and facts admitted, and the allegations, except that we find no evidence supporting the allegation that during the year 1936, the accused made continual representation to approximately

nine-tenths of those members of the state bar practicing and residing in Clark County, Nevada, that he intended to abide by the rule. As we view it, however, evidence of such intention was not necessary to make out a case calling for disciplinary action.

■ The rule designating the minimum fee, and the affidavits alleged to have been made by the accused in connection therewith, were admitted. It was admitted that the affidavit of December 28, 1936, was false. Moreover, it was shown to be false by the deposition of one Fairbourn, introduced in evidence at the hearing before the local administrative committee. In this deposition Fairbourn testified in substance that he was plaintiff in a divorce case; that the accused was his attorney in that case; that he charged him $75 for his services, and told him to keep it confidential. It was stipulated that the accused procured a divorce for Fairbourn in the suit in Las Vegas, Nevada, on the 21st day of December. It was admitted that no application was made to the board of trustees by petitioner as provided in the rule for a lesser fee in that case; and that no permission was given by the board of trustees to charge a lesser fee than $100. The accused made a statement at the said hearing in the course of which he admitted that he was guilty.

Under the record it clearly appears that the accused has not sustained the burden cast upon him by section 26 of the state bar act (section 565 N. C. L.) to show wherein the decision of the board of governors is erroneous or unlawful, and we are in accord therewith as to the penalty recommended.

■ We see nothing of a defensive or mitigating character in the contention of the accused that the affidavit of December 28 was not actually sworn to by him. In this respect it is alleged in his petition: "That the reason that your petitioner filed said so-called affidavit, was for the reason that it was customary among other attorneys to file said so-called affidavits and that your petitioner did not at any time swear to said so-called

affidavit; that the same was signed and left on the desk of the county clerk; whose deputy at some time thereafter affixed her name and the seal of the court thereto without actually swearing your petitioner, and thereafter said paper became and is insufficient to constitute an affidavit and is of no force and effect for the reason that it lacks the solemnity of an oath."

In his statement before the local administrative committee the accused stressed this as excusing him from the effect of what purported to be his affidavit, as did his counsel in this court. We do not consider it in that light. Petitioner intended the document to be taken as his affidavit, and whether or not it was actually sworn to, it was equally deserving of censure. His assertion that the other attorneys of the local bar made a practice of doing the same thing does not excuse or mitigate the act.

It is ordered that petitioner, Fred S. Alward, be and he is hereby suspended from membership in the state bar of Nevada for the period of six months, and until he is reinstated by an order of this court; that his license to practice law in this state be and it is hereby revoked, and that he be enjoined from practicing law, directly or indirectly, until he is ordered reinstated by this court.