IN THE MATTER OF CHARLES L. POREP,
ATTORNEY AT LAW.

No. 3300

March 21, 1941.                                     111 P.(2d) 533.

*Melvin E. Jepson* and *Charles E. Porep,* in Propria Persona, for Petitioner.

*John R. Ross,* Special Prosecutor, for State Bar of Nevada.

## OPINION

By the Court, TABER, J.:

Petitioner has been a member of the state bar of California since 1918, and of the state bar of Nevada since

the latter part of 1928. He caused to be published in the San Francisco Examiner, issues of May 29, July 3, and October 26, 1938, an advertisement worded as follows: "Reno Cases. C. Porep, Nev. atty., S. F. ofc. 903 de Young bld. YU 0960." After due notice and hearing, the local administrative committee of the state bar of Nevada, district No. 5, in and for Washoe County, found that said advertisement was inserted for the purpose of securing divorce cases, and as conclusions of law, decided that petitioner's said conduct constituted a violation of canon 27 of the canons of ethics of the American bar association, and of rule II of the rules of professional conduct of the state bar of Nevada. The committee recommended to the board of governors of the state bar that petitioner be suspended from practice for a period of twelve months.

The board of governors, after due notice and hearing, found the same facts as did the committee, and arrived at the same conclusions of law. The board recommended to this court that petitioner be suspended from the practice of law of a period of twelve months, that his name be stricken from the roll of attorneys of the state bar of Nevada and from the roll of members of said bar, that he be prohibited from the practice of law, either directly or indirectly, during the period of his suspension, and that he be suspended until the further order of this court. This proceeding is a review of the action of said committee and board, under the provisions of sec. 577 N. C. L. 1929.

Canon 27 of the canons of ethics of the American bar association is well known to the profession and available everywhere, so the court will not extend this opinion by quoting it here. The first sentence of rule II of the rules of professional conduct of the state bar of Nevada reads: "A member of the state bar shall not solicit professional employment by advertisement or otherwise."

Section 10145 N. C. L. 1929 provides: "Every person

who shall cause to be published in any newspaper, magazine or other publication, or who shall cause or allow to be posted or distributed in any place frequented by the public any card or notice offering to procure or obtain, or to aid in procuring or obtaining any divorce or the dissolution or nullification of any marriage, or offering to appear or act as attorney or counsel in any suit for divorce, alimony, or the dissolution or nullification of any marriage, either in this state or elsewhere, shall be guilty of a misdemeanor."

■ Petitioner contends that this court is without jurisdiction, for the reason that the advertisement in question was not published in Nevada. This contention is without any merit whatsoever. In re Lamb, 105 App. Div. 462, 94 N. Y. S. 331; People v. Lindsey, 86 Colo. 458, 283 P. 539; 7 C. J. S., Attorney and Client, sec. 18, p. 730, n. 68; 5 Am. Jur. 433, n. 6; Annotation, 17 Am. and Eng. Ann. Cas. 599.

■■ It appears that an attempt was made to have the state bar of California take disciplinary action against petitioner because of his having caused to be published the advertisements involved in this proceeding, but that local administrative committee No. 2, for San Francisco, after considering the facts brought to its attention, concluded that they did not justify disciplinary action by the state bar. Petitioner maintains that this action of the San Francisco administrative committee operated as a bar to any disciplinary proceeding by the state bar of Nevada, based upon the same facts. In the opinion of this court the action of the San Francisco committee would not operate, even in California, as a legal bar to further disciplinary proceedings based upon the same facts. Certainly said action could not operate, under the doctrine of res adjudicata relied on by petitioner, to bar disciplinary proceedings by the state bar of Nevada, though based on the same facts. The California proceedings apparently never came before the board of governors of the California state bar, nor any California court. In the Nevada proceedings the question

was not whether the facts called for disciplinary proceedings in California, but whether they constituted professional misconduct under the rules of the Nevada state bar. Even between the same parties a judgment of nonsuit in one state is not a bar to a new suit on the same cause of action in another state. 17 Am. Jur. 94, n. 3. Here we have not the identity of parties essential to res adjudicata, for, while petitioner is the party complained against in both the California and Nevada proceedings, the complainants were not the same.

■ Petitioner contends that the Nevada proceedings violated the full faith and credit clause of the federal constitution (art. IV, sec. 1). All that we have before us concerning the action of local administrative committee No. 2 for San Francisco is a letter from it to petitioner, reading: "The matter in which it was sought to have the State Bar proceed against you came regularly before this committee at its meeting on November 7, 1938. The committee has carefully considered the facts brought to its attention and has concluded that they do not justify disciplinary action by the State Bar." Viewing the committee's action in the light most favorable to petitioner, it is a decision that the facts did not justify disciplinary action by the state bar of California. It is not a determination or adjudication that the facts are legally insufficient to constitute unprofessional conduct under the rules of the state bar of Nevada which, as we have seen, forbid the solicitation of professional employment by advertisement or otherwise. Article IV, section 1, of the constitution of the United States, and federal legislation pursuant therto, do not purport to give to a judgment any extraterritorial effect, nor do these constitutional and statutory provisions have anything to do with the recognition of foreign judgments as precedents; they come into effect only in connection with the doctrine of res judicata, not with that of stare decisis. 34 C. J. 1127, nn. 55, 57. The action of the San Francisco committee did not constitute a bar to the Nevada proceedings under the doctrine of res judicata,

and the Nevada proceedings did not violate the full faith and credit clause of the federal constitution.

■ Petitioner contends that rule XXIV (a) of the rules of procedure of the state bar of Nevada is unconstitutional. This rule provides that the board of governors or a local administrative committee may of its own motion initiate proceedings for disbarment, suspension or discipline of a member of the state bar, and further provides for notice and hearing. Neither the petition nor petitioner's points and authorities inform the court what clause or provision of either federal or state constitution is violated by this rule; but petitioner asserts that under it the local administrative committee assumes three separate functions—filing charges, hearing the charges, and rendering judgment. Under such procedure petitioner claims that the committee cannot be impartial. The only decision the local administrative committee is authorized to make consists of its findings, accompanied by its recommendations to the board of governors. This board also has no power, besides making findings, to do more than recommend to this court such disciplinary measures as it considers proper and just. This court alone has power to suspend or disbar a member of the state bar. In re Scott, 53 Nev. 24, 26, 292 P. 291; Dignan v. State Bar, 58 Nev. 82, 70 P. (2d) 774.

The case of In re Shattuck, 208 Cal. 6, 279 P. 998, holding that any decision which the board of bar governors may be empowered to make in a proceeding pending before it is merely recommendatory, was expressly approved by this court in Re Scott, supra. In the latter case it was further held that the state bar act (secs. 540–590 N. C. L. 1929) is not void insofar as it authorizes a member of any local administrative committee, or a member of the board of governors, to prefer charges against an attorney, and then to sit as a member of the committee, or board, for the consideration of the charges so preferred. It was held in the same case that section

34 of said act (sec. 573 N. C. L. 1929) is not void because it confers power on the board of governors or local administrative committee to initiate and conduct investigations of charges against attorneys without the filing and presentation of a complaint.

■ In view of the foregoing authorities, and in the absence of any pertinent authorities advanced by petitioner, the court declines to hold rule XXIV (a) of the rules of procedure of the state bar of Nevada unconstitutional or void.

■■ Petitioner complains of the finding that "said advertisement was inserted for the purpose of securing divorce cases." He contends that neither the committee nor the board had the power to write in the word "divorce" to suit such a finding. If petitioner were correct in this, it is clear that he would nevertheless be guilty of professional misconduct under rule II of the rules of professional conduct of the state bar of Nevada and canon 27 of the canons of ethics of the American bar association. In the opinion of the court, however, the committee and board were warranted in making the finding complained of. It is a matter of common knowledge, not only in California and Nevada, but throughout the United States and at least some foreign countries, that in Nevada one may file suit for divorce after residing in the state for six weeks, and that most Nevada divorce cases are commenced, heard, and determined in the city of Reno. It will be noted that while petitioner, in the advertisement, refers to himself as a "Nevada" attorney, he does not advertise Nevada cases, but "Reno" cases, and has the latter words printed in all capital letters. Petitioner does not, and never has, resided in this state, and there is nothing in the record to show or intimate that during his twelve year membership in the state bar of Nevada he ever handled any other than divorce cases in the Nevada courts. While disciplinary proceedings were pending against him, he wrote the administrative committee that he had been

unable to attend one of its meetings because he had "found it impossible to synchronize everything pertaining to an insanity divorce case which I have pending in the Reno court."

Finally, we have to consider whether suspension for twelve months is too severe. Petitioner represents to the court that he is sixty years of age; has never been in trouble before; has a devoted family dependent upon him for support; no rules of professional conduct or canons of the American bar association were ever received by him; had the impression that the advertisement was not objectionable; regrets that it offended; it was discontinued before he received notice to show cause; it was published in good faith; in the Los Angeles office of a Nevada attorney, the latter told him that such an advertisement was permissible; has never had a complaint from a client; the San Francisco committee dismissed charges based on the same advertisement; promises observance of the ethics of the profession in the future; has already suffered severe punishment by being under "this cloud" ever since 1938, when these charges originated.

Counsel for the state bar takes the position that suspension for twelve months is exceptionally lenient. He points out that both the committee and the board considered their recommendation reasonable. He contends that petitioner was not only guilty of unprofessional conduct, but that he committed a misdemeanor by violating the provisions of section 10145 N. C. L. 1929, hereinbefore quoted.

■ We are unable to concur in petitioner's view that the offense was trivial, and that the charges should be dismissed or petitioner be simply reprimanded and permitted to apologize. After careful consideration the court has concluded that petitioner should be suspended from practice from April 1, 1941, until December 31, 1941, both dates inclusive.

It is therefore ordered and adjudged that petitioner

be, and is hereby, suspended from the practice of law in any and all courts of this state during the period from April 1, 1941, until December 31, 1941, both dates inclusive; that his name be stricken from the roll of attorneys of the state bar of Nevada and from the roll of members of the state bar of Nevada; and that he be not reinstated as a member of the state bar of Nevada except upon order of this court.