IN THE MATTER OF HARRY M. WATSON,
ATTORNEY-AT-LAW.

No. 3812

July 12, 1955.                    286 P.2d 254.

*George E. Marshall,* of Las Vegas, for Petitioner.

*Paul Laxalt,* of Carson City, for State Bar of Nevada.

## OPINION

By the Court, MERRILL, C. J.:

This matter is before us on review of action taken by the Board of Governors of the State Bar of Nevada in disciplinary proceedings had against a member of the bar. The question presented is whether we may discipline a member of the bar who is serving as district judge, for acts committed while he was so serving.

The conclusion of the board upon its findings of fact is that the accused is guilty of professional misconduct. Its recommendation is that he be disciplined by this court by suspension from membership in the State Bar of Nevada for the period of one year and until reinstatement by our order. The accused has filed a petition for review. He will hereinafter be designated petitioner.

Petitioner is and since 1941 has been judge of the Seventh judicial district court of this state. Sec. 618, N.C.L.1929, provides that no person shall be eligible to the office of district judge unless he be an attorney duly licensed and admitted to practice in all the courts of this state. Petitioner was at the time he originally took office and is now so qualified. His name is still enrolled as a member of the bar of this court and he has continued to maintain active membership in the State Bar of Nevada.

The actions asserted to constitute misconduct occurred during 1952 and 1953. At that time sec. 8433, N.C.L. 1929, provided as follows[1]:

"Each district judge shall, before receiving any

---

[1]This section later was declared unconstitutional by this court. Watson v. Merialdo, 70 Nev. 322, 268 P.2d 922.

monthly salary, file with the clerk of each county within his district and with the state controller, an affidavit, in which shall be set forth the number of cases, motions or other matters submitted to him as such district judge in and for each county embraced within his district which remain undecided and that no such case, motion or matter remains undecided which has been submitted for a period of more than ninety days."

On six occasions during 1952 and 1953 petitioner executed what purported to be affidavits under sec. 8433 in which he stated that he had no cases, motions or other matters pending before him which had remained undecided for longer than ninety days. On each occasion this statement was false. These documents were filed by petitioner with the county clerk of White Pine County with the intent that they be accepted as affidavits under the statute. They were so accepted and petitioner's salary was paid to him in reliance thereon.

There is no question but that such acts on the part of an attorney would be held to be professional misconduct and would subject him to disciplinary action. In Re Alward, 59 Nev. 102, 86 P.2d 27. The question is whether, petitioner being a judge, this court retains the right and duty to discipline him as an attorney for such misconduct.

This court has always possessed the power and duty to discipline the members of its bar. Dignan v. State Bar, 58 Nev. 82, 70 P.2d 774. Such members are admitted to office by act of this court following its satisfaction that they are qualified to hold office. The court's control and duty to maintain ethical discipline over these, its appointed officers, are inherent. Such power is recognized by the State Bar Act which expressly disclaims any intent to alter or limit it. Sec. 565, N.C.L.1929.

It may be noted further that when one is appointed to the bar, the appointment, subject to discipline, is for life. When one is chosen for the district bench in this

state, that election is not for life but for a term of four years. One does not, by taking judicial office, abandon the legal profession. The people, through the legislature, may remove one from judicial office. None but this court may remove a man from his office as attorney.

Petitioner contends that since a district judge may not practice as an attorney in this state, sec. 8408, N.C.L. 1929, his responsibilities as an officer of this court during such term of judicial office, must be held to be in a state of suspension; that he is, during his term of office, beyond the reach of this court's disciplinary power.

The Board of Governors, on the other hand, contends that since one's eligibility to judicial office is in part dependent upon his status as an attorney and since this court controls that status, his eligibility cannot be said to have become a matter solely of public judgment. The board recognizes that this court has no power to remove a judge from office. It contends, however, that one's eligibility as an attorney, either to continue in judicial office or to succeed himself upon completion of the term for which he has been elected, continues subject. to the control of this court; that such control constitutes a responsibility which we have no right to delegate. There is much support for this position. In Re Spriggs, 36 Ariz. 262, 284 P. 521; In Re McGarry, 380 Ill. 359, 44 N.E.2d 7; State ex rel. Nebraska State Bar Ass'n v. Wiebusch, 153 Neb. 583, 45 N.W.2d 583; Copland v. Newcomb, 66 Ohio App. 304, 33 N.E.2d 857; In re Copland, 137 Ohio St. 637, 32 N.E.2d 23; In Re Burton, 67 Utah 118, 246 P. 188; In Re Stolen, 193 Wis. 602, 214 N.W. 379, 216 N.W. 127, 55 A.L.R. 1355.

As to those in judicial office, however, our disciplinary authority, assuming it to continue, must be held limited to the field of action outside of official duties.

Our constitution and statutes have conferred upon this court no disciplinary authority over judges while acting as judges. As we have noted, it is not within the

power of this court to remove or suspend a judge from office. A district judge owes his office not to appointment by this court but to election by the people. For what he does in his official capacity he is responsible to the public as its duly chosen officer and not to this court as our appointed officer. By the same token this court (aside from its function of judicial review and from that advisory encouragement normally expected of sound and effective leadership) cannot be said to be responsible for what a judge does in his official capacity. That responsibility rightly lies with the public which has placed him in office and chooses to retain him there. The matter of judicial responsibility is peculiarly pointed up in the present proceeding. We can take notice of the fact that the voters of the Seventh judicial district, with full knowledge of the misconduct of petitioner, last year returned him to office in the face of active opposition.

Although perhaps beyond our immediate concern of disciplinary authority, it might also be noted that while, in other states, superintending control over inferior courts is commonly granted appellate courts by constitution or statute (see ann. 112 A.L.R. 1351), no such authority is granted by constitution or statute in Nevada. It may, then, be seriously questioned whether we have any power, save through our appellate authority and the limited jurisdiction of our original writs, to supervise the work of the district courts or to enforce performance by the district judges of their official duties or, with a critical eye, to examine into the manner in which such duties have been carried out.

In any event, however, it is clear that disciplinary proceedings such as this may not be converted into a review of the manner in which a judicial officer chooses to carry out his official duties. In Re McGarry, supra. See also In Re Meraux, 202 La. 736, 12 S.2d 798, where this proposition was conceded by both sides.

As authority in opposition, the Board cites In Re Breen, 30 Nev. 164, 186, 93 P. 997, 17 L.R.A., N.S., 572. This was a disbarment proceeding against a district

judge for conduct contemptuous of this court. The judge from the bench had attacked this court in such a manner as "to destroy, in a measure at least, public confidence in the integrity of the highest tribunal in the state, and thus impair the respect due its authority." The judge further had ordered his remarks spread upon the minutes of his court. Under separate filings the attorney general sought redress by contempt and by disbarment. This court was concerned only with the expunging of the contemptuous remarks from the minutes of the district court. Faced with alternative methods of accomplishing this end and no objection being raised specifically as to the disciplinary method, this court chose to act through the disbarment proceeding. The remarks subsequently having been expunged by the district court, no discipline was imposed. The questions here considered by us were never raised and clearly no determination was made or intended to be implied with reference to them. Any implication contained in the Breen case contrary to our decision in this matter is, therefore, disapproved.

We are left with the question whether, in executing and filing the documents here involved, petitioner acted officially as a judge or, on the contrary, acted apart from his judicial duties. The affidavits were, in effect, public reports as to the manner in which petitioner was carrying out his official public responsibilities. They were by statute required of him as a judge. Clearly they were official acts and the manner in which they were performed may not here be scrutinized.

Proceedings dismissed.

BADT and EATHER, JJ., concur.