J. W. PERRY, SAMUEL TOLEN and J. O. EVANS, *Plaintiffs in Error,* v. FLORIDA V. BUSH, *Defendant in Error.*

JUDICIAL NOTICE—PRACTICE OF LAW BY JUDGE.

1.  The appellate court will take judicial notice as to who are the presiding judges of the respective judicial circuits of the State.

2.  When an attorney at law is elevated to the bench of any of our
Circuit Courts as the judge thereover presiding, his right to
practice law as an attorney, counselor or advocate, in *any*
of the courts of this State, including the Supreme Court, becomes
suspended and continues to be suspended so long as he occupies
the official position of such Circuit Judge, except, perhaps, in
those cases alone wherein he is in *propria persona* a party in the
cause, and in such excepted cases his appearance therein in the
courts, if at all, should be to represent and protect his own
individual rights exclusively.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Columbia county.

The facts in the case are stated in the opinion of the
court.

*B. H. Palmer* for motion.

*T. B. Oliver,* contra.

TAYLOR, C. J.—This cause came on for hearing upon a
motion made before this court for final judgment, under
the provisions of chapter 4922, laws of 1901, in this court
against the plaintiffs in error and the sureties upon their
supersedeas bond heretofore given on writ of error from
this court, the judgment of the Circuit Court in said cause
having heretofore been affirmed here on such writ of error.
The motion is presented here and signed by B. H. Palmer as
attorney for the defendant in error in said cause. The same
is resisted here upon the ground, among others, "because
the B. H. Palmer who signs and presents said motion to
the court is one and the same B. H. Palmer who is judge of
the Third Judicial Circuit Court of Florida, and, therefore,
disqualified from the practice of law in any of the courts of
this State, or from appearing therein for any client as at-
torney."

As this ground of opposition to the motion is in the
nature of a plea in abatement thereof, predicated upon

reasons that do not touch the merits of the motion itself, and does not involve any of the other grounds of opposition thereto, we will consider such ground of opposition alone, without reference to the merits of the motion itself. We are entirely satisfied that the quoted ground of opposition to the motion is well taken. Of the fact that the B. H. Palmer who, as attorney for the defendant in error, signs and presents such motion here, is the same person that is the present presiding judge of the Third Judicial Circuit of Florida, this court will take judicial notice. We are likewise fully satisfied that when an attorney at law is elevated to the bench of any of our circuit courts as the judge thereover presiding, his right to practice law as an attorney, counselor or advocate in any of the courts of this State becomes suspended and continues to be suspended so long as he occupies the official position of such circuit judge, except, perhaps, in those cases alone wherein he is *in propria per-sona* a party in the cause, and in such excepted cases his appearance therein in the courts, if at all, should be to represent and protect his own individual rights exclusively. It is true that we have no statute upon our books in express terms forbidding circuit judges from practicing law, but the rights, duties, privileges and functions of the office of an attorney at law, counselor or advocate are so inherently incompatible with the high official functions, duties, powers, discretions and privileges of a judge of one of our circuit courts, with their vast range of jurisdiction both original and appellate, that express inhibitory legislation on the subject would seem to be superfluous and a work of supererogation. Our State is divided into eight judicial circuits, presided over by one circuit judge to each of said circuits, the territory comprising each of them being circumscribed by well defined metes and bounds. This careful defining of the territory to be presided over by each was not alone for the convenient dispatch of business before the courts, nor alone for the prevention of conflicts in jurisdic-

tion, but as well to subserve the convenience of the people
that inhabit the several counties comprised in said respective
circuits. Another statute gives to such citizens the right
and privilege to have their causes tried in the county where
the cause of action arose or in which the thing in con-
troversy is located, or in which one or more of several
defendants reside. This right and privilege is one common
to both parties to every controversy before such courts.
The plaintiff has the privilege and right to have the venue
of his action in such county, and equally so has the de-
fendant. For a circuit judge officially presiding over such
county to disqualify himself from adjudging such cause
by acting as attorney for either of the parties thereto, is not
only to repudiate his official duty to hear and determine
such cause as judge, but is an invasion of the right of both
parties thereto to have such cause tried and determined in
such county. It is the official duty of circuit judges to hear
and determine all legal and equitable controversies arising
within their respective circuits, in which they are not dis-
qualified for reasons beyond their control, and over which
they have jurisdiction either original or appellate, and it
is not the policy of the law to permit them to evade or
repudiate the discharge of such duty by voluntarily dis-
qualifying themselves to hear and determine any such cause
by acting for either of the parties thereto as attorney or
counsel. If one of them can disqualify himself by acting
as counsel for one of the parties to a cause, all eight of them
can do the same thing, and a designing party with a bad
but important case in the courts could effectually stop the
wheels of justice in so far as his case was concerned by
employing an array of eight judges to represent him as
counsel. The jurisdictions of this, the court of last resort,
and the circuit courts are so inseparably related to each
other that it is equally as obnoxious to the ethics governing
the judiciary to permit a circuit judge to practice here as
an attorney as it is for him to appear as attorney in the

lower courts. A cause comes here for appellate review from a circuit court, it is reversed here and remanded for further proceedings as directed. To represent either of the parties thereto before this court as attorney will disqualify a circuit judge to further hear or determine such cause as judge upon its remand from this court as effectually as though he had originally represented such party therein as attorney in the court of first instance. If such circuit judge is permitted to appear here as counsel in one cause why should he not be permitted to act here as such in all causes? The line of demarkation between cases where such appearance might be proper or improper would often be so nebulous that the only safe course to pursue, to insure the occupancy by the judiciary of a position above suspicion or reproach, is to forbid such appearance in toto. *People v. Evans,* 72 Mich. 367, 40 N. W. Rep. 473; *Wright v. Boon,* 2 G. Green (Iowa), 458; *Morton v. Detroit, B. C. & A. R. Co.,* 81 Mich. 423, 46 N. W. Rep. 111; *Smith v. Lovell,* 2 Mont. 332; *Duverney v. Vinot,* 11 Martin (La.), 722; *French v. City of Waterbury,* 72 Conn. 435, 44 Atl. Rep. 470; *Hobby v. Smith,* 1 Cowen (N. Y.), 588; *Seymour v. Ellison,* 2 Cowen (N. Y.), 13; *Evans v. Funk,* 151 Ill. 650.

It follows from what has been said that we must decline to consider the motion presented in this case, and said motion is hereby ordered to be stricken from the docket.

HOCKER, SHACKLEFORD, CARTER, MAXWELL and COCKRELL, JJ., concur.