Cone, Sheriff and Admr. v. Knight—Syllabus.

W. N. CONE, AS SHERIFF AND EX-OFFICIO ADMINISTRATOR OF THE ESTATE OF J. A. KNIGHT, DECEASED, PLAINTIFF IN ERROR, v. L. R. KNIGHT, DEFENDANT IN ERROR.

1. Where the only errors urged before us are based upon the filing of a praecipe for default by an attorney after his appointment and qualification as judge of the Circuit Court, in the absence of any proof to that effect, we can not assume that the attorney for the plaintiff and the judge of the Circuit Court were one and the same person.

2. Even if a praecipe for default had been filed by plaintiff's attorney after his appointment and qualification as Circuit judge, such action was purely ministerial, and, even if improper, would not of itself work a reversal of the judgment which was entered later upon the praecipe of other attorneys.

This case was decided by Division A.

Writ of error to the circuit court for Columbia county.

The facts in the case are stated in the opinion of the court.

*A. J. Henry,* for Plaintiff in Error;

*T. B. Oliver* and *J. B. Hodges,* for Defendant in Error.

PER CURIAM: The defendant in error instituted an action of assumpsit against the plaintiff in error in the circuit court for Columbia county, personal service was had on the defendant, and a default was duly entered against him on the Rule day in April, 1902, by the clerk of the circuit court for want of a plea or demurrer. Final judgment was also entered up by the clerk on the 11th day of November, 1905, for the sum of $212.70 damages and $3.03 costs. To this judgment a writ of error was taken, returnable to the present term. The first assignment is that "the court erred in entering a default upon the præcipe of B. H. Palmer, the plaintiff's attorney, after his appointment and qualification as judge of the circuit court."

The record discloses that one B. H. Palmer signed the præcipe for default as the plaintiff's attorney, but what B. H. Palmer we are not informed, no proof whatever having been adduced to show that the attorney for the plaintiff and the judge of the circuit court were one and the same person. The case of Perry ·v. Bush, 46 Fla. 242, 35 South. Rep. 225, cited in support of this assignment, does not sustain it, for the reason that in the cited case B. H. Palmer appeared in this court as an attorney seeking the granting of a motion, and being before us, we had it brought directly to our knowledge that he was the same B. H. Palmer who had been appointed judge of the third

circuit. Even if it had been made sufficiently to appear to us in the instant case that the attorney who filed the præcipe for default was then such judge, which had not been done, such action was purely ministerial and, even if improper, would not of itself work a reversal of the judgment.

The second assignment is that "the court erred in entering a final judgment upon the default unauthorizedly entered for reasons stated in the first assignment of error."

The record affirmatively shows that other attorneys than B. H. Palmer filed the præcipe for final judgment and had the same entered, therefore the reasons stated in disposing of the first assignment are equally applicable here.

The third assignment is abandoned.

The fourth and fifth assignments question the sufficiency of the declaration, but as no such points were raised below, either by demurrer or otherwise, they cannot be raised here for the first time, the defects, if any, not being fundamental or jurisdictional.

Judgment affirmed.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.