103 So.2d 632 (1958)
In re PROPOSED DISCIPLINARY ACTION BY The FLORIDA BAR AGAINST a CIRCUIT JUDGE of the Eleventh Judicial Circuit of Florida.
Supreme Court of Florida.
June 11, 1958.
Wm. A. McRae, Jr., Bartow, for petitioner.
Maxwell W. Wells, Cecil H. Brown, Orlando, David S. Yoakley, Palm Beach, and William A. Foster, West Palm Beach, for The Florida Bar, respondent.
DREW, Justice.
Petitioner, a circuit judge, seeks an order directing the Florida Bar to cease and desist from taking disciplinary action against him and declaring that the Florida Bar is without jurisdiction to apply or enforce the disciplinary provisions of the Integration Rule against him. The applicable rules and provisions of our laws [except amended Article V of the Constitution, F.S.A.] are fully cited in a recent opinion of this Court, In re Investigation of Circuit Judge, Fla., 93 So.2d 601, upon which petitioner principally relies in this proceeding.
*633 The Florida Bar in its response, however, disclaims any intention of instituting or progressing disciplinary proceedings against petitioner for or on account of any act of his as a judge. It asserts that the disciplinary matter involving petitioner being considered by the Florida Bar relates solely to alleged acts of petitioner as and while an attorney and member of the Florida Bar prior to his becoming a circuit judge. It is contended that the above cited decision is inapplicable because the Court there considered matters for which impeachment would lie, and in deciding that impeachment was the exclusive remedy predicated its conclusion on the doctrine of expressio unius exclusio alterius.
The distinction is, in our opinion, without merit. While we recognize that the alleged conduct of petitioner prior to assumption of his judicial post could not serve as the basis for impeachment proceedings against him, it cannot be denied that the action undertaken by the Bar has no legitimate objective other than the ultimate removal of petitioner from office, a result intended under our Constitution to be accomplished only by impeachment. Disbarment would not, of course, operate directly to remove petitioner from office, but all parties concede that disqualification proceedings would logically follow therefrom. This is, in fact, the only practical purpose which would be served by disciplinary action against such a judicial officer, since under the law of this State he is, during his incumbency, clothed with no other right by virtue of his membership in the Bar. His lesser office as an attorney is, during the period of incumbency, merged in and absorbed by the greater office, that of circuit judge. Application of the Integration Rule to petitioner would thus accomplish indirectly what cannot be done directly by judicial action.
Since the assumption of judicial duties suspends all rights and privileges to engage in the practice of law [Sec. 18, Art. V, Florida Constitution], it should, logically, operate as a suspension of disciplinary procedures designed simply to ensure that such rights and privileges shall not be exercised by one who has shown himself unfit to practice law, and not to penalize or punish the offending member. Application of Harper, Fla., 84 So.2d 700, 702, 54 A.L.R.2d 1272.
In Application of Harper, supra, this Court held that disciplinary proceedings against attorneys are provided for and are instituted in the public interest to preserve the purity of the courts, and that a judgment in such proceedings can only be one affecting the formerly granted permit to practice as an attorney or cancelling and striking the name of such offending attorney from the roll of attorneys in this State.
It is argued by the Florida Bar that the provisions of Section 23, Article V of the Florida Constitution, [which became effective subsequent to our decision in Investigation of Circuit Judge, supra] vest in this Court exclusive jurisdiction over the discipline of persons admitted to the practice of law in this State, and that, inasmuch as Section 13 of said Article V provides that judges of the Supreme Court, the district courts and the circuit courts, to be eligible for office, must be a member of the Florida Bar in good standing, such Article vested in this Court the jurisdiction and authority to discipline a circuit judge for any alleged unethical conduct engaged in by him prior to his ascendancy to the Bench. Inherent in this argument is the proposition that the Constitution vests in this Court the power to discipline  even to the extent of disbarment  those members of the Florida Bar who occupy the position of justices of this Court or judges of the district or circuit courts. We find no such plan in amended Article V, and the events leading to the approval in the Legislature of said Article and its adoption by the people, still fresh in the minds of this Court, fortify our conclusion that such was not the intention *634 of the Legislature when the Article was approved by it nor of the people when it was overwhelmingly approved by them in the general election of 1956. This Article, it must be remembered, contains the same provision [Section 17, Article V] with reference to impeachment as the former Article except that district judges are brought within its provisions.
Moreover, history has not indicated any necessity nor does it suggest the advisability of such a procedure which would indubitably affect the independence of the courts vested with the solemn responsibility of the administration of justice in this State. While we are dealing directly here with the power of the Board of Governors of the Florida Bar to conduct such disciplinary proceedings, we are actually talking about our own authority, because such officials of the Florida Bar in conducting disciplinary proceedings are mere arms of this Court and can have no greater jurisdiction or authority than this Court possesses. In re Harper, supra. Were we to agree to such a premise the resulting mischief would be infinitely greater than any advantage which the Bar or the public could gain from it.
In the history of this State the occasions have been negligible when, had such power existed to investigate the conduct of circuit judges, it would have been necessary to use it. But the existence of such a rule would undoubtedly have affected the independence of the judiciary in the discharge of its solemn duty under the Constitution to administer equal justice under law. It is not amiss to observe that the complete independence of the judiciary of this country is essential to the preservation of the Constitution and the perpetuation of the fundamental concept of equal justice under law. It should never be forgotten that one of the first charges contained in the Declaration of Independence was that the tyrannical sovereign had "obstructed the Administration of Justice, by refusing his Assent to Laws for establishing Judiciary Powers," and "made Judges dependent on his Will alone, for the tenure of their offices * * *"
The motivations underlying the reluctance with which an officer in one governmental department should be subjected to policing by those whom he directs or supervises, fully developed in the earlier opinion in In re Investigation, supra, need not be set out here at length, but it will suffice to say that the same considerations impel our decision in the instant case. This conclusion is not without precedent in other jurisdictions. While decisions of other courts construing their own constitutions are for obvious reasons, not binding on us, it is comforting to know that where similar propositions have been presented, other state courts have reached the same conclusions that we do. The Supreme Court of Louisiana in In re Jones, 1943, 202 La. 729, 12 So.2d 795, 797, said:
"The methods that are prescribed in the constitution for ridding the people of unworthy officials, whether by impeachment, address out of office by members of the legislature, or by removal from office by the courts, are exclusive, as are also the penalties that are levied in each instance. (citing cases) It therefore follows that to permit the disbarment of a district judge during his tenure of office, when one of the constitutional requirements for his holding such office is that he must be an attorney at law, would be to sanction the doing indirectly of that that cannot be done directly, that is, his removal from office by reason of disqualification."
In In re Strahl, 1922, 201 App.Div. 729, 195 N.Y.S. 385, the New York Court concluded that under the laws of that state the right to practice law by one holding a judicial office was suspended during his incumbency and that the question presented in such an investigation as we have here was not whether the incumbent was fitted to practice *635 law as a lawyer but basically whether he was fitted to preside as a judge. That Court concluded that it was beyond the power of the court to pronounce against a judge on the bench the punishment that the law provides for the misconduct of a lawyer. To the same effect see In re New Jersey State Bar Association, 1933, 114 N.J. Eq. 261, 168 A. 794.
It should be pointed out that if the acts constituting the alleged misconduct of a circuit judge committed prior to his ascendency to the Bench are such as to constitute a violation of the criminal laws of this State, such election does not clothe the circuit judge with immunity from prosecution. He is liable to prosecution and punishment as any other individual for a violation of the penal laws of this State committed before or during his term of office. We do not determine, because the question is not here, whether, if such proceedings are instituted after the judge ceased to hold his office, he may defend on the ground of laches or any statutory limitations.
The Board of Governors of the Florida Bar, acting in this case as officers and agents of this Court, are commended for the zealous and diligent attention to the duties and responsibilities of their office and for their aid and assistance in the presentation of this cause for determination.
The petition is granted. The Board of Governors of the Florida Bar is hereby declared to be without jurisdiction to apply or enforce the disciplinary provisions of the Integration Rule against the petition of John W. Prunty so long as he remains the duly qualified and acting judge of the Circuit Court of the Eleventh Judicial Circuit of Florida, and said Board is herewith ordered to cease and desist forthwith from taking further action in this cause so long as the petitioner judge holds said office.
TERRELL, C.J., and THOMAS, HOBSON and THORNAL, JJ., concur.