286 So.2d 562 (1973)
The STATE of Florida ex rel. the JUDICIAL QUALIFICATIONS Commission of the State of Florida, Relator,
v.
William Lamar Rose, Respondent.
No. 43919.
Supreme Court of Florida.
December 6, 1973.
Robert L. Shevin, Atty. Gen., and Barry Scott Richard, Asst. Atty. Gen., for relator.
Archie M. Odom, Farr, Farr, Haymans, Moseley & Odom, Punta Gorda, for respondent.
ERVIN, Justice.
By an original proceeding for a writ of quo warranto, the Judicial Qualifications Commission of the State of Florida attacks the authority of Judge William Lamar Rose to exercise the powers, duties and privileges of Judge of the Circuit Court for the Twentieth Judicial Circuit. We have jurisdiction pursuant to Article V, Section 3(b)(5), Florida Constitution, F.S.A., and Rule 2.1, subd. a(5)(b), F.A.R., 32 F.S.A.
Judge Rose was duly elected Judge of the Court of Record for Lee County on November 3, 1970, for a four-year term. He took office as Court of Record Judge on January 5, 1971.
Pursuant to Article V, Section 20(d)(2), Florida Constitution, Judge Rose was elevated to the position of Circuit Court Judge for the Twentieth Judicial Circuit *563 on January 1, 1973. He is presently serving in such capacity and normally would continue to do so until the completion  January 7, 1975  of the four-year term he was elected to serve.
Judge Rose, who was born on October 22, 1902, reached the age of seventy on October 22, 1972. It is because of this fact that the present action is before us. It is the position of the Judicial Qualifications Commission of the State of Florida, the relator, that Judge Rose has reached mandatory retirement age.
The relator raises two separate provisions of the Florida Constitution in support of its position. First, the relator cites Article V, Section 17, Florida Constitution 1968, which provides in pertinent part:
"Retirement, suspension and removal of judges Notwithstanding the provisions of this Article relating to terms of office:
"(1) All justices and judges shall automatically retire at age 70;"
The relator also cites Article V, Section 8, Florida Constitution, which provides:
"Eligibility No person shall be eligible for office of justice or judge of any court unless he is an elector of the state and resides in the territorial jurisdiction of his court. No justice or judge shall serve after attaining the age of seventy years except upon temporary assignment or to complete a term, one-half of which he has served. No person is eligible for the office of justice of the supreme court or judge of a district court of appeal unless he is, and has been for the preceding ten years, a member of the bar of Florida. No person is eligible for the office of circuit judge unless he is, and has been for the preceding five years, a member of the bar of Florida. Unless otherwise provided by general law, a county court judge must be a member of the bar of Florida." (Emphasis supplied.)
We have carefully studied the contentions of relator. We find them to be without merit. Neither Article V under the 1885 Florida Constitution as amended nor revised Article V of the Florida Constitution, adopted at the November 1972 General Election, which took effect January 1, 1973, had the retroactive effect and intent to mandatorily require Judge Rose to retire on arriving at age seventy on October 22, 1972, when he was Judge of the Court of Record for Lee County. Neither did revised Article V have the prospective effect of mandatorily requiring Judge Rose to retire immediately upon his being elevated to a circuit judgeship on January 1, 1973.
Judge Rose was in a special judicial category set up in Section 20 (Schedule) (d) (2) of revised Article V for the elevation of certain judges to the circuit court. That provision provided that as a court of record judge of Lee County, Judge Rose would become an additional circuit judge of his circuit on January 1, 1973, provided he was eligible under subsection (d)(8) of Section 20, the Schedule. Subsection (d)(8) provides that a judge whose court is abolished by revised Article V (Judge Rose's Court of Record was so abolished) shall not "become or be eligible to become a judge of the circuit court unless he has been a member of the bar of Florida for the preceding five years." Judge Rose met this eligibility requirement.
The rule expressio unius est exclusio alterius appears to apply and rule out any other automatic basis of ouster during the remainder of Judge Rose's term.
It appears inconsistent with the purpose of the Schedule that the instant an incumbent court of record judge is elevated to a circuit judgeship he stands mandatorily retired eo instanti if he is already seventy years of age. Logically the elevation of a judge to a higher court by the Constitution would not automatically appear to carry with it ouster from office. In commonsense meaning, to elevate means to afford opportunity to serve in a higher capacity, not to elevate for ouster.
*564 Therefore we conclude Judge Rose is entitled under Section 20(d)(2), Article V, to the benefit of the language therein that upon becoming an additional circuit judge he shall serve as such for the remainder of the term for which he was elected. After that period he would be ineligible because of age. Had he not been elevated to the circuit court by revised Article V he would have been eligible to serve out his term as Court of Record Judge despite the fact he had attained the age of seventy.
It is clear that the Constitution means that a judge who has entered by appointment or election to a judgeship knowing that he must retire at age seventy shall do so. This requirement is legally and morally certain. However, it is a different situation where a judge elected to a judgeship and commissioned for a four-year term has no foreknowledge at that time from then existing constitutional language that he will be compelled to retire at seventy.
Judge Rose was merged into a circuit judgeship by virtue of the language of revised Article V because he held a court of record judgeship at the time new Article V went into effect. Insofar as his tenure as a commissioned judge is concerned, he had the benefit of the constitutional protections provided his office at the time he was commissioned. Unless new Article V in the Schedule clearly provided that existing judgeships affected thereby should be abolished immediately upon its taking effect, either directly or by the mandatory age requirement, the holders thereof are entitled to fill out their terms. Instead of so providing, the Schedule provides that all incumbent court of record and county judges whether elevated or not to the circuit court shall fill out the remainder of their terms regardless of age. Section 20(d)(2)(5), Article V, Florida Constitution.
When it is recalled that Section 20 of Article V, as the Schedule, provides for the transition from the old to the new judicial system, it becomes clear that subsections (d)(2)(5) thereof intend the general provisions Sections 8 and 17 of Article V prescribing mandatory retirement at age seventy shall stand in abeyance until the incumbent elevated judge serves out his commissioned term.
This is the reasonable interpretation of these provisions to accommodate the seemingly conflicting language of the permanent sections of Article V with the language of the Schedule which speaks to the interim transition period. Not only does such a harmonious interpretation comport with the reasonable expectation of a judge elected to an inferior court to serve out his commissioned term without prior knowledge of any mandatory termination, but it conforms to former Section 24 of Article V of the 1885 Constitution as amended, and Section 9 of present Article V, which provide that decreases or reductions of judges shall be effective only upon expiration of their current terms. Compare State ex rel. Reynolds v. Roan (Fla. 1968), 213 So.2d 425. The holding of the latter case is that in the absence of a clear intent that an incumbent official whose office is abolished shall no longer serve, he is entitled to fill out the remainder of his term.
Judge Rose was seventy on October 22, 1972, and he was elevated to a circuit judgeship on January 1, 1973 by the express provisions of the Constitution. According to the express language of the Schedule, he was elevated to serve out his commissioned term until January 7, 1975 and not to be automatically retired either retroactively at his age seventy or immediately upon being elevated. If such were the intent of the Schedule, it should have been spelled out and made perfectly clear.
The foregoing considered, the writ of quo warranto issued herein is discharged.
It is so ordered.
CARLTON, C.J., and ROBERTS, ADKINS and DEKLE, JJ., concur.
BOYD and McCAIN, JJ., dissent.