QUESTION: Is a temporary tenure judge who is over age seventy qualified to run for election as a circuit court judge under s. 8 of revised Art. V, State Const.?
SUMMARY: Under s. 8 of revised Art. V, State Const., a person aged seventy or over is not qualified to run for election as a circuit court judge, even though he is serving temporarily as such circuit court judge for the remainder of a term to which he was elected as judge of a court abolished by revised Art. V, as authorized by s. 20(d)(2), id. Under s. 8 of revised Art. V, supra, "[n]o justice or judge shall serve after attaining the age of seventy years except upon temporary assignment or to complete a term, one-half of which he has served." In State ex rel. Judicial Qualifications Com'n. v. Rose, 286 So.2d 562 (Fla. 1973), it was ruled that a court of record judge who was "elevated" to a circuit court judgeship by s. 20(d)(2) of revised Art. V, under the policy of revised Art. V to allow incumbent elected judges of abolished courts to serve out the remainder of their elective terms, was entitled to serve as a circuit court judge for the four-year term to which he was elected as a court of record judge, even though he became seventy years of age on October 22, 1972. The court noted that, had Judge Rose not been "elevated" to the circuit court by revised Art. V, he "would have been eligible to serve out his term as Court of Record Judge despite the fact he had attained the age of seventy." And it was concluded that the framers of s. 20(d)(2) of revised Art. V intended that the provisions relating to mandatory retirement of judges at age seventy prescribed by s. 8 of revised Art. V "shall stand in abeyance until the incumbent elevated judge serves out his commissioned term" as a court of record judge. However, the court stated clearly and unequivocally that, after the expiration of his elected term, "he would be ineligible because of age." I have not overlooked the fact that s. 20(d)(2) of revised Art. V provides that judges of the named courts whose terms do not expire in 1973 . . . and if they are eligible under subsection (d)(8) hereof, shall become additional judges of the circuit court for each of the counties of their respective circuits, and shall serve as such circuit judges for the remainder of the terms to which they were elected and shall be eligible for election as circuit judges thereafter. . . . (Emphasis supplied.) Subsection (d)(8) of s. 20 requires judges of abolished courts to have been a member of The Florida Bar for the preceding five years, in order to be eligible to serve as a circuit court judge. And it might be argued that the seventy-year limitation provided by s. 8 of revised Art. V, supra, was not intended to apply to a temporary tenure judge who, although over age seventy, is serving out the remainder of a term to which he was elected as judge of an abolished court and who desires to be elected to the circuit court judgeship which he is temporarily serving. Such a conclusion is, however, contrary not only to the rationale of the Rose decision — that the mandatory retirement provision of s. 8 of revised Art. V is simply "held in abeyance" until the expiration of the term to which the temporary tenure judge was elected as a court of record judge — but also to the express statement made therein that the temporary tenure judge in question "would be ineligible because of age" to serve as a judge after the expiration of that term. In these circumstances, I could not with propriety rule to the contrary; nor, in fact, am I constrained to do so. Accordingly, your question is answered in the negative.