QUESTION: Where the Florida Commission on Ethics recommends that an elected county commissioner be suspended for a period of 90 days with a concomitant forfeiture of salary, is that penalty within the statutory authority of the commission to recommend, and if any penalty is recommended by the commission for an officer subject to suspension under the Constitution, which penalty does not appear in the Constitution, may the Governor impose it?
SUMMARY: Until judicially determined otherwise, the Governor is not empowered to suspend an elected county commissioner for a temporary period such as 90 days. The power to suspend an elected county official is bestowed upon the Governor solely by s. 7(a), Art. IV, State Const., and such power appears to be preliminary to and an integral part of the removal proceedings prescribed by s. 7(b), Art. IV, State Const. Exercise of the power of suspension granted by the Constitution, and determination of need and of constitutionally prescribed grounds therefor, is solely a function of the executive. The Legislature and the Commission on Ethics are without authority to provide for suspension by the Governor in any manner other than that provided by the Constitution. Penalties of restitution and public censure and reprimand, as recommended by the Commission on Ethics, are presumptively valid and should be given effect until judicially determined to be unconstitutional. You stated that, pursuant to its finding that an elected county commissioner violated the Code of Ethics for Public Officers and Employees (Part III, Ch. 112, F. S.), the Commission on Ethics has recommended that you suspend the commissioner in the manner set forth above and has also recommended to you the invoking of the penalties of restitution and public censure and reprimand. The election of county commissioners, the term of their office, and their qualifications for office are prescribed by s. 1(e), Art. VIII, State Const., and s. 7, Art. IV, State Const., provides for their suspension and removal from office and provides conditions or grounds for such suspension and removal. Part V, Ch. 112, F. S., provides the procedures for disposition of executive orders of suspension and the removal or reinstatement of any such suspended county officers in implementation of s. 7(b), Art. IV. No other constitutional provisions control the election of county commissioners, their terms of office, or their suspension and removal from office. It is beyond the legislative power to provide for the suspension and removal, or the reinstatement, of elected county commissioners in any manner other than that provided by the Constitution. In re Investigation of Circuit Judge, 93 So.2d 601,604 (Fla. 1957); cf. Wilson v. Newell, 223 So.2d 734 (Fla. 1969), holding that a statute prescribing qualifications for the office of county commissioners in addition to those prescribed by the Constitution was unconstitutional and invalid, and State ex rel. Askew v. Thomas, 293 So.2d 40, 42 (Fla. 1974). The Constitution places the power to suspend commissioners on specified grounds in the chief executive officer alone, s. 7(a), Art. IV, and the power so conferred is exercised by executive order stating the grounds therefor and filed with the Secretary of State. The power to remove such officials based on the charges made in the executive order of suspension is vested in the Senate alone, s. 7(b), Art. IV. Under the separation of powers doctrine, s. 3, Art. II, State Const., and the principle that the express mention of one thing is the exclusion of another, expressio unius est exclusio alterius, it is not competent for the Legislature or any other authority to exercise such power of suspension or to prescribe any grounds therefor other than those designated in the Constitution, to provide for any form or manner of suspension other than that prescribed in s. 7(a), Art. IV, or to provide for any other action or proceedings preliminary to or leading to the removal from office of an elected county commissioner. See In re Advisory Opinion of Governor Civil Rights, 306 So.2d 520 (Fla. 1975); also see State ex rel. Judicial Qualifications Com'n v. Rose,286 So.2d 562 (Fla. 1973), and Interlachen Lakes Estates, Inc. v. Snyder,304 So.2d 433 (Fla. 1974), applying the aforementioned principle to other constitutional provisions. Conversely, under the constitutional scheme, only the Senate is vested with the power to remove from office a suspended county officer. Moreover, where the Constitution expressly provides the manner of doing a thing, it impliedly forbids its being done in a substantially different manner, and the manner prescribed is exclusive and beyond the reach of the legislative power. In re Advisory Opinion of Governor Civil Rights, supra, at p. 523, and cases therein cited; State v. Coleman, 155 So. 129 (Fla. 1934); Amos v. Mathews, 126 So. 308
(Fla. 1930). The extent of the suspension power invested in you by s. 7(a), Art. IV, State Const., and the exercise of the duty imposed and the power granted in any given case may, in the final analysis, be determined only by the judiciary. Such considerations are not within the prerogatives of my office. However, in an effort to construe the provisions of Part III, Ch. 112, F. S., to comport with the Constitution and the aforestated rules of law, I offer the following observations as to the operative effect and efficacy of that law. Section 112.324, F. S., among other things, makes it the duty of the Commission on Ethics to report its findings of a violation of Part III, Ch. 112, F. S., on the part of an elected county commissioner to the Governor, and to recommend appropriate disciplinary action thereon. Section112.317(4) provides that any violation of Part III of that statute shall constitute malfeasance, misfeasance, or neglect of duty in office within the meaning of s. 7(a), Art. IV, State Const. Section 112.317, among other things, stipulates that a violation of any provision of Part III of Ch. 112 shall, pursuant to applicable constitutional and statutory procedures, constitute grounds for the removal from office of an affected county commissioner. (The executive action prescribed by s. 7(a), Art. IV, supra, appears to be preliminary to and leads to and is an integral part of the removal proceedings prescribed by s. 7(b), Art. IV, as implemented by Part V, Ch. 112.) Section 112.317 also provides for the suspension from office of a "public officer," but I construe s. 7, Art. IV, in its entirety, and in pari materia with Part V, Ch. 112, to provide an integral process or procedure for the suspension and removal of elected county officials contemplating, indeed requiring, the trial by the Senate of the charges made against the suspended officer by the Chief Executive in and according to "the proceedings prescribed by law [Part V, Ch. 112, F. S.]" and the disposition of such charges by the Senate by the removal or reinstatement of such elected county official. Under s. 7(a), Art. IV, the suspension of a county commissioner is effected by executive order stating the grounds for suspension and filed with the Secretary of State. Upon the filing of the executive order, Part V of Ch. 112, as authorized by and in implementation of s. 7(b), Art. IV, by operation of law takes command and provides for the trial and disposition of the charges made against the affected county commissioner as presented in the executive order. It is true that s. 7(a), Art. IV, authorizes the Governor to reinstate any suspended officer at any time before removal by the Senate. However, I do not construe that provision to mean that the Governor is endowed with any authority to intercede in, or halt, suspend, or interrupt, the proceedings initiated by operation of law upon the filing of the order of suspension with the Department of State (and as mandated by the terms of Part V, Ch. 112) by any means other than the actual, full reinstatement of the suspended county official before the Senate acts finally to remove the official as prescribed by s. 112.45. Once the executive order of suspension is filed, except for the aforestated power of the Governor to reinstate, the executive no longer has any discretion in or control over the disposition of the order of suspension. Cf. AGO 067-55. Thus, ss. 112.317(1)(a)2. and 112.324(4), F. S., read together, empower the Governor to invoke the prescribed penalty of removal from office of those officers found by the Commission on Ethics to have violated Part III, Ch. 112, F. S., who have been reported by that body to the Governor and over which officers he possesses the power to initiate constitutionally mandated proceedings of "removal from office" by filing the executive order of suspension prescribed by s. 7(a), Art. IV, State Const., on one or more of the grounds specified therein. Though the Commission on Ethics may recommend such action to the Governor, only he may determine whether sufficient facts exist to activate executive action to make and file an order of suspension under s. 7(a), Art. IV. Advisory Opinion to the Governor, 196 So.2d 737 (Fla. 1967). If the Governor, in the exercise of his independent and singular judgment, determines to suspend an elected county official and makes and files the requisite executive order as prescribed in s. 7(a), Art. IV, from the date of the filing thereof (s. 112.40, F. S.) the pay and emoluments of office of the suspended official cease and the suspended official is not entitled to pay and emoluments for the period of suspension unless and until he or she is reinstated by the Senate pursuant to s. 112.45 or by the Governor pursuant to s. 7(a), Art. IV. Attorney General Opinion 072-222. Also see s. 111.05, F. S. As to restitution by conveyance to the county of certain lands, as recommended by the Commission on Ethics, Part III, Ch. 112, F. S., is clothed with a presumption of validity and must be given effect until judicially declared unconstitutional. Evans v. Hillsborough County, 186 So. 193 (Fla. 1938); Pickerill v. Schott, 55 So.2d 716 (Fla. 1951). Also, it must be noted that s. 112.317(2) charges the Attorney General with the responsibility of bringing civil actions to recover restitution penalties recommended by the Commission on Ethics. As to the penalty of public censure and reprimand, as recommended by the Commission on Ethics, I am unaware of any constitutional provision which would control or prevent the invoking thereof by the Governor. Also, as I pointed out above in regard to the restitution penalty, the penalty of public censure and reprimand would be clothed with a presumption of validity until judicially found to be unconstitutional. Under such circumstances, I cannot state that the prescribing of public censure and reprimand as a penalty for violation of Part III, Ch. 112, F. S., is not within the legislative power. Therefore, you may, by executive order or proclamation, censure and reprimand. However, if you should determine to file an order of suspension, you should not proclaim such reprimand, but may, in your discretion, withhold same and abide by the Senate's action on the suspension order. It must be noted in this regard that s. 112.317 is discretionary and permissive. The Governor is not required or commanded by either s.112.317(1) or s. 112.324(4) to invoke any penalty. Rather, the words of the statutes, in effect, only authorize the Governor to invoke the penalty.