# Supreme Court of Florida

THURSDAY, MAY 21, 2026

Walter Javier Arrazola
Mendivil,                                                    **SC2026-0210**
              Petitioner(s)

v.

The Florida Bar,
              Respondent(s)

---

Because Petitioner has failed to show a clear legal right to the relief requested, he is not entitled to mandamus relief. Accordingly, the petition for writ of mandamus is hereby denied. *See Huffman v. State*, 813 So. 2d 10, 11 (Fla. 2000). No motion for rehearing will be considered.

MUÑIZ, C.J., and LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
TANENBAUM, J., concurs with an opinion.

TANENBAUM, J., concurring.

It is true that the petitioner has failed facially to satisfy the elements necessary to demonstrate an entitlement to mandamus. Then again, petitioning for an extraordinary writ against The Florida Bar is, frankly, strange. To do so, essentially, is to ask this court to

issue an extraordinary writ to itself. The Florida Bar is a mere agency of this court, and its officers act only under this court's authority. *See Fla. Bar v. McCain*, 330 So. 2d 712, 714 (Fla. 1976) (noting that the Bar is not "an independent agent," so when dealing with the Bar's disciplinary powers, "we are actually talking about our own authority"). Moreover, licensing and certifications are matters of privilege, not of right; mandamus could not be an appropriate writ in this context anyway.

We can ensure the Bar's compliance with our own internal rules, within our discretion, by simple order, when appropriate. *Cf. In re Proposed Disciplinary Action by Fla. Bar Against Cir. Judge*, 103 So. 2d 632, 635 (Fla. 1958) (issuing "cease and desist" order to the Bar's Board of Governors). The petitioner has not shown a lack of compliance warranting our involvement.

A True Copy
Test:

SC2026-0210  5/21/2026
_____
John A. Tomasino
Clerk, Supreme Court
SC2026-0210  5/21/2026



SO

Served:

JOSHUA E. DOYLE
WALTER JAVIER ARRAZOLA MENDIVIL