[No. C.D. 5056. En Banc. February 9, 1967.]

*In the Matter of the Disciplinary Proceedings Against* NED
EDWARD HETT, *an Attorney at Law.**

*T. M. Royce,* for Board of Governors.

*Leon L. Wolfstone* (of *Wolfstone & Panchot*), for respondent.

OTT, J.—This is a disciplinary proceeding involving Ned Edward Hett, an attorney practicing law in this state.

February 7, 1964, a federal court jury found Ned Edward Hett guilty on four counts of feloniously aiding and abetting Richard James Young in his flight to avoid criminal prosecution. The Circuit Court of Appeals affirmed the conviction. *Hett v. United States,* 353 F.2d 761 (9th Cir. 1965).

The circuit court characterized Mr. Hett's aiding and abetting activities as "quite intricate and extensive" and found that Richard James Young was involved in the following robberies:

1. On December 1, 1962, the robbery of a Kirkland (near Seattle, Washington) grocery store—about $2,600 was taken.

2. On January 24, 1963, a robbery of a branch of the United States National Bank in Portland, Oregon, of approximately $55,000.

3. On March 8, 1963, a robbery of the Northgate branch of the Bon Marche Department Store at Seattle of about $40,000.

*Reported in 423 P.2d 629.

4. On March 22, 1963, a robbery of a branch of the Seattle-First National Bank of $4,000 to $7,000. *Hett v. United States*, 353 F.2d 761, 762 (9th Cir. 1965).

It described the relationship between Mr. Hett and Mr. Young as follows, at 762:

> Out of a near partnership in crime with a robber named Richard James Young, the defendant-appellant Ned Edward Hett, a young Seattle lawyer, stands convicted of four of five counts of an indictment concerned with Young's zigzagging flights to avoid capture and prosecutions.[1] Young fled to Brazil, but was returned to the United States, where he became the main witness against Hett.
>
> [1]Much of Young's travel was in preparation to commit more violent crimes.

From the circuit court's affirmance of his conviction, Mr. Hett sought review by certiorari to the United States Supreme Court. Certiorari was denied. *Hett v. United States*, 353 F.2d 761 (9th Cir. 1965), *cert. denied* 384 U. S. 905, 16 L. Ed. 2d 358, 86 Sup. Ct. 1339 (1966).

After the arrest of Mr. Hett upon the federal charge, the Board of Governors instituted disciplinary proceedings against him. The record before the hearing panel discloses that Mr. Hett had feloniously aided and abetted Mr. Young in escaping to Brazil (1) by establishing a work contract with a corporation Mr. Hett was forming for a client, which company was never actually incorporated, and (2) by participating in the falsification of a passport for Mr. Young. The hearing panel concluded "That moral turpitude is an element of each of the crimes of which Respondent, NED EDWARD HETT, was convicted."

The hearing panel recommended Mr. Hett's disbarment conditioned upon his federal court conviction being affirmed on appeal. The Board of Governors upon its review ordered that "this matter be held in abeyance awaiting the appeal." January 21, 1966, after Mr. Hett's conviction was affirmed by the court of appeals, the Board of Governors recommended his disbarment.

Mr. Hett does not question the findings of fact of the hearing panel and of the Board of Governors. He does, however, question the imposition of disbarment. In this regard, he urges "that the disposition be that of censure, coupled by a suspension for the period of incarceration only."

Rule for Discipline of Attorneys 3, RCW vol. 0, provides:

An attorney at law may be censured, reprimanded, suspended, or disbarred for any of the following causes, hereinafter sometimes referred to as violations of the rules of professional conduct:

A. The commission of any act involving moral turpitude, dishonesty, or corruption, whether the same be committed in the course of his relations as an attorney, or otherwise, and whether the same constitutes a felony or misdemeanor or not: and if the act constitutes a felony or misdemeanor, conviction thereof in a criminal proceeding shall not be a condition precedent to disciplinary action. Upon such conviction, however, the judgment and sentence shall be conclusive evidence at the ensuing disciplinary hearing of the guilt of the respondent attorney of the crime described in the indictment or information, and of his violation of the statute upon which it is based. A disciplinary hearing as provided in Rule IX of these rules shall be had to determine, (1) whether moral turpitude was in fact an element of the crime committed by the respondent attorney and, (2) the disciplinary action recommended to result therefrom.

■ Rule 3, *supra,* provides that an attorney can be disbarred for the commission of any act involving (1) moral turpitude, (2) dishonesty, or (3) corruption. We believe that an attorney's participation in the formation of a fictitious corporation for unlawful purposes to meet the entry requirements of a foreign country, and his participation in the falsification of a passport for his client are acts which involve moral turpitude, dishonesty, and corruption. The commission of any one of these acts is sufficient to invoke disbarment.

We adopt the findings and recommendations of the hearing panel and of the Board of Governors. It is ordered

that Ned Edward Hett be, and hereby is, disbarred from the practice of law in the State of Washington, and that this name be stricken from the role of attorneys entitled to practice law in this jurisdiction.

ALL CONCUR.