In the Matter of JEANNETTE KENICK, an Attorney.

No. 14225

May 10, 1984                    680 P.2d 972

Clark J. Guild, Jr., Chairman, Northern Nevada Disciplinary Board, and Michael Barr, Bar Counsel, Reno, for State Bar of Nevada.

William J. Crowell, Jr., and John W. Aebi, Carson City, for Jeannette Kenick.

---

[1]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Acting Chief Justice, CHARLES E. SPRINGER. CHIEF JUSTICE NOEL E. MANOUKIAN voluntarily disqualified himself. Nev. Const., art. 6, § 19, SCR 10.

## OPINION

*Per Curiam:*

This matter is before us on review of a decision by the hearing panel of the State Bar of Nevada, Northern Nevada Disciplinary Board, recommending that Jeannette Kenick be suspended from the practice of law for two years and that she be publicly reprimanded.

On November 23, 1982, attorney Jeannette Kenick was convicted of aiding a prisoner to escape, a felony under NRS 212.100. Shortly thereafter, this court issued an order temporarily suspending Kenick from the practice of law in Nevada due to this felony conviction and referring Kenick's case to the Northern Nevada Disciplinary Board for a determination of the discipline to be imposed. *See* SCR 111(4). A formal hearing was subsequently conducted by the Disciplinary Board on February 7, 1983, at which Kenick tendered a conditional plea of guilty to the charge that, while she was an attorney licensed to practice law in this state, she assisted a prisoner in his escape from the Douglas County Jail. At this hearing, the Disciplinary Board informed Kenick that it was neither accepting nor rejecting her conditional plea at that time, and that it would continue the matter for an additional hearing to allow further evidence to be presented. A hearing was thereafter conducted on April 29, 1983, after which the Disciplinary Board found Kenick guilty of the above charge. The Disciplinary Board recommended that Kenick be suspended from the practice of law for

a period of two years commencing April 29, 1983, that she be publicly reprimanded, and that based upon her financial circumstances the cost of the proceedings not be assessed against her. Kenick does not contest the recommendations of the Disciplinary Board.

On February 7, 1984, this court ordered Kenick to file points and authorities addressing the question of whether we should reject the Board's recommended form of discipline and impose a more severe discipline. In response to our order Kenick contends that the Board's recommendation is final and binding upon this court pursuant to SCR 105(3)(b), since she has consented in writing to the Board's decision.[1] We disagree and conclude that SCR 113(1) specifically authorizes our review of this matter.[2] In particular, we note that Kenick tendered a conditional plea to the Disciplinary Board, the Board never expressly rejected the conditional plea and, after conducting a hearing, the Board ultimately imposed the two-year suspension that Kenick requested in her conditional plea. In any event, SCR 105(3)(b) cannot be construed to limit this court's inherent power to suspend or disbar an attorney. *See* SCR 39 and 99(1); *see also* In re Watson, 71 Nev. 227, 286 P.2d 254 (1955); *cf.* In re Mackay, 416 P.2d 823 (Alaska 1964) (state statute purporting to impose a mandatory duty upon the court to approve and adopt the recommendations of the disciplinary committee found unconstitutional as an invasion of the court's inherent power to discipline and disbar members of the Bar). Indeed, even in the absence of a petition to review a bar proceeding, any order of suspension or disbarment may only be made by this court. *See* Van Heukelom v. State Board, 67 Nev. 649, 656, 224 P.2d 313, 316-17 (1950); In re Scott, 53 Nev. 24, 38, 292 P. 291, 295 (1930). Moreover, in reviewing cases of this

---

[1]SCR 105(3)(b) provides in pertinent part:

Automatic appeal of suspension or disbarment. A decision recommending suspension or disbarment, unless agreed to in writing by the respondent, shall be appealed to the supreme court. . . .

[2]SCR 113(1) provides:

*Conditional plea.* An attorney against whom a complaint has been made may tender a conditional guilty plea to the charge in exchange for a stated form of discipline. The tendered plea shall be submitted to bar counsel and approved or rejected by a hearing panel if the matter has already been assigned for hearing, or three members of a disciplinary board, appointed by the chairman, if the matter has not been assigned; subject, however, to final approval or rejection by the court if the stated form of punishment includes disbarment or suspension.

nature, this court has previously held that it is not bound by the findings and recommendations of the Disciplinary Board. In re Miller, 87 Nev. 65, 482 P.2d 326 (1971); SCR 113(1). Although the recommendations of the Disciplinary Board are persuasive, this court must examine the record anew and exercise its independent judgment. In re Francovich, 94 Nev. 104, 575 P.2d 931 (1978); In re Miller, *supra*. We agree with the following statement of the Supreme Court of Washington:

> This court gives serious consideration to the recommendations for disciplinary action recommended to it by the disciplinary board. The court, however, is not bound by these recommendations. It has "ultimate responsibility for determining the measure of discipline." [Citation omitted.]

Matter of Nelson, 549 P.2d 21, 23 (Wash. 1976). *Cf.* Martin v. State Bar, 575 P.2d 757 (Cal. 1978) (court imposed a more lengthy suspension than that recommended by disciplinary board); Fitzpatrick v. State Bar of California, 569 P.2d 763 (Cal. 1977) (court rejected as too lenient the disciplinary board's recommendation of suspension, and disbarred attorney for his misconduct).

We have reviewed the record in this matter and have concluded that Kenick's participation in the above felony justifies consequences more severe than the suspension recommended by the Disciplinary Board. *See, e.g.,* In re Hett, 423 P.2d 629 (Wash. 1967) (attorney's felony conviction for aiding and abetting an individual in his flight to avoid criminal prosecution justified disbarment where attorney participated in the falsification of a passport, and participated in the formation of a fictitious corporation for unlawful purposes to meet the entry requirements of a foreign country). Kenick's conduct in assisting a prisoner to escape was an utterly reprehensible betrayal of the public trust, and evidenced moral turpitude. Her behavior was particularly egregious in light of her position as a deputy district attorney at the time of the offense. We recognize the harshness of imposing the penalty of disbarment upon an attorney, and we have considered the factors recited by the Disciplinary Board as mitigating the seriousness of the offense. Nevertheless, "[t]he time comes when compassion for an attorney can only be counted as insensitivity to the public." In re Francovich, 94 Nev. at 108, 575 P.2d at 933 (GUNDERSON, J., dissenting).

We have determined that the serious breach of professional

ethics in this case warrants severe discipline. Accordingly, we order that Jeannette Kenick be, and hereby is, disbarred from the practice of law in the State of Nevada.[3]

---

[3]Cause appearing, we approve the Disciplinary Board's recommendation that the costs of the disciplinary proceedings not be assessed against Kenick.