## DOMINIC P. GENTILE, Appellant, v. THE STATE BAR OF NEVADA, Respondent.

No. 20149

February 21, 1990                                            787 P.2d 386

*Galatz, Earl, Catalano & Smith* and *Timothy C. Williams,* Las Vegas, for Appellant.

*Donald J. Campbell,* Chairman, Southern Nevada Disciplinary Board, Las Vegas; *Mary St. Clair,* Executive Director, State Bar of Nevada, Las Vegas; *John Howe,* Bar Counsel, State Bar of Nevada, Las Vegas, for Respondent.

*Kevin Kelly,* Las Vegas, for Amicus Curiae National Association of Criminal Defense Lawyers.

## OPINION

*Per Curiam:*

The Southern Nevada Disciplinary Board of the State Bar of Nevada (the Board) recommended a private reprimand of attorney Dominic P. Gentile based on comments he made at a press conference regarding a pending criminal matter in which he represented the accused. In appealing the Board's decision, Gentile has expressly waived his right to confidentiality in these proceedings. Because we find that clear and convincing evidence supports the Board's recommendation, we affirm.

Appellant Dominic P. Gentile represented a client accused of taking money and drugs from a safety deposit box rented by undercover police officers. To respond to adverse publicity about his client, Gentile held a press conference the day after his client was indicted. He stated that he had evidence to prove that his client was innocent, and characterized his client as a scapegoat of the police. In addition, he criticized potential witnesses and their motives, and stated that they were convicted money launderers and drug dealers. He also named a certain police detective as the likely perpetrator and implied that the detective abused drugs. Gentile had researched the disciplinary rules regarding trial publicity prior to the conference.

A jury trial was held approximately six months later. Gentile's client was acquitted of all charges.

The State Bar of Nevada subsequently filed a complaint alleging that Gentile's remarks at the press conference violated Supreme Court Rule 177. Following a hearing, the Board found that Gentile had violated the rule and recommended that he be privately reprimanded. Gentile appeals the Board's decision.

Supreme Court Rule 177 states, in pertinent part:

1. A lawyer shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding.

2. A statement referred to in subsection 1 ordinarily is likely to have such an effect when it refers to . . . a criminal matter . . . and the statement relates to:

(a) The character, credibility, reputation or criminal record of a party, suspect in a criminal investigation or witness . . . .

SCR 177(1)-(2)(a).

To determine questions of fact, a higher degree of proof is required in disciplinary matters than in ordinary civil matters. In re Miller, 87 Nev. 65, 72, 482 P.2d 326, 330 (1971). The standard is whether the findings are supported by clear and convincing evidence. SCR 105(2)(e); Copren v. State Bar, 64 Nev. 364, 379, 183 P.2d 833, 840 (1947). However, the Board's recommendations, though persuasive, are not binding on this court. We must review the record de novo and exercise independent judgment to determine whether and what type of discipline is warranted. State Bar v. Claiborne, 104 Nev. 115, 126, 756 P.2d 464, 471 (1988); In re Kenick, 100 Nev. 273, 276, 680 P.2d 972, 974 (1984).

Based on our independent review of the record, we find that the discipline meted out by the Board was appropriate. Clear and convincing evidence supports the conclusion that appellant knew or reasonably should have known that his comments had a substantial likelihood of materially prejudicing the adjudication of his client's case. The "knows or reasonably should know" standard looks to what a person of reasonable prudence and intelligence ought to have known given the circumstances. A reasonable attorney, especially after having researched the issue, should have known that his conduct was improper, particularly with respect to the comments regarding the police detective and other potential witnesses. In addition, the comments were "substantially likely" to prejudice the proceedings. The case was highly publicized, and the press conference was held the day after the grand jury indictment and the same day as the arraignment—a time when the intensity of public interest in a notorious case is at its peak. Furthermore, the comments were substantially likely to "materially prejudice" the proceedings. Although the evidence

demonstrates that there was no actual prejudice in this case, absence of actual prejudice does not establish that there was no substantial likelihood of material prejudice.

Furthermore, clear and convincing evidence supports the Board's finding that appellant violated SCR 177(2)(a). Appellant stated that he had evidence that a police detective took the drugs and the money, and implied that the detective had a drug problem. He also stated that potential witnesses were convicted money launderers and drug dealers, and accused them of lying to get themselves out of trouble. The fact that these comments were timed to have maximum impact and related to the character, credibility, reputation or criminal record of the police detective and other potential witnesses establishes by clear and convincing evidence the substantial likelihood of material prejudice to the adjudication of the accused's criminal proceeding. We therefore conclude that appellant's comments fell within the scope of conduct prohibited by Supreme Court Rule 177(1)-(2)(a), and reject appellant's contention that they fell within the ambit of conduct permitted by Rule 177(3).

We also reject appellant's constitutional challenges as lacking merit under either the federal or Nevada constitutions.

Accordingly, we affirm the Board's decision.[1]

---

[1]THE HONORABLE CLIFF YOUNG, Chief Justice, has voluntarily disqualified himself from consideration of this case.