An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DALE E. HALEY, ESQ., BAR NO. 571.

No. 60035

**FILED**

AUG 23 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER APPROVING CONDITIONAL GUILTY PLEA*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that we approve, pursuant to SCR 113, a conditional guilty plea in exchange for a stated form of discipline for attorney Dale E. Haley. Under the agreement, Haley admitted to one violation of RPC 1.3 (diligence), three violations of RPC 1.4 (communication), and five violations of RPC 8.1(b) (bar admission and disciplinary matters).

The agreement provides for a suspension of six months and one day, with that suspension stayed for a two-year probationary period. Conditions of the probation include that Haley (1) promptly respond to any requests from the state bar, (2) take two hours of CLE in law office management in addition to the standard CLE requirements, (3) submit to clinical assessment of his psychological and emotional state in accordance

SUPREME COURT
OF
NEVADA

(O) 1947A

13-25033

with SCR 117, (4) pay restitution totaling $4,000 to two former clients,[1] and (5) pay the costs of the disciplinary proceedings in the instant matter.

Haley testified to emotional and personal problems he faced as the result of the deaths of two of his brothers and six close friends during the time of his misconduct. The hearing panel also considered Haley's two incidents of prior discipline in reaching the plea agreement.

Based on our review of the record, we conclude that the plea agreement should be approved. *See* SCR 113(1). As the proposed probationary period has expired, and a status report from the state bar indicates that Haley has met all the conditions of his probation, with the minor exception that, instead of law office management CLE, Haley completed two additional ethics credits, we approve the stated form of discipline to the following extent. In view of Haley's compliance with all other conditions of his probation, we decline to impose the actual suspension of six months and one day at this time. However, within six months of the date of this order, Haley must complete two CLE units regarding law office management and provide proof of such completion to

---

[1]Haley was to pay $3,000 to Marisela Perez and $1,000 to Denise Pieper.

the state bar. The parties shall comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____ , C.J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

_____ , J.
Parraguirre

_____ , J.
Douglas

_____ , J.
Cherry

cc:    David A. Clark, Bar Counsel
Christopher G. Gellner
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
Perry Thompson, Admissions Office, United States Supreme Court

SAITTA, J., dissenting:

I respectfully dissent from the majority's approval of Haley's conditional guilty plea. The state bar's initial complaint against Haley alleged dozens of violations of the Nevada Rules of Professional Conduct, and an additional grievance was pending when the conditional guilty plea was negotiated. The allegations in the complaint describe a continuing lack of diligence and lack of responsiveness to both Haley's clients and the state bar. The majority of the alleged violations were dismissed as part of the conditional guilty plea. However, the acts of misconduct to which Haley admitted in the conditional guilty plea alone demonstrate substantial failures to diligently represent and communicate with clients and a continuing failure to respond to the state's bar's inquiries regarding the grievances filed against him. *See* RPC 1.3 (diligence); RPC 1.4 (communication); RPC 8.1(b) (bar admission and disciplinary matters). Assuming that evidence can establish that Haley committed these acts of misconduct, such conduct constitutes a serious breach of the Rules of Professional Conduct warranting the imposition of discipline greater than that approved here. I would reject the conditional guilty plea agreement and remand this matter to the Southern Nevada Disciplinary Board for further disciplinary proceedings. *See* SCR 113(1); *In re Kenick*, 100 Nev. 273, 680 P.2d 972 (1984).

_____, J.
Saitta

