**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JOHN S. ROGERS, ESQ., BAR NO.
4730.

No. 65120

**FILED**

JUN 20 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### ORDER REJECTING CONDITIONAL GUILTY PLEA AGREEMENT AND REMANDING FOR FURTHER PROCEEDINGS

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that we approve, pursuant to SCR 113, a conditional guilty plea in exchange for a stated form of discipline for attorney John Rogers.

We previously considered this matter in 2013. *In re Discipline of Rogers*, Docket No. 61080 (Order Rejecting Conditional Guilty Plea Agreement and Remanding for Further Proceedings, July 26, 2013). At that time we concluded that the discipline recommended by the previous hearing panel pursuant to a conditional guilty plea agreement was insufficient given the misconduct at issue. Because the recommendation was based upon the negotiated plea, the record was insufficient to allow this court to opine on what might be an appropriate measure of discipline. Accordingly, we remanded for further proceedings.

Pursuant to our order, a second hearing was held before a new hearing panel. The parties again negotiated a conditional guilty plea

SUPREME COURT
OF
NEVADA

(O) 1947A

14-20442

agreement in exchange for a stated form of discipline, and the panel has submitted its recommendation that we approve it. *See* SCR 113.

Under the new agreement, Rogers again pleaded guilty to violating RPC 1.3 (diligence), RPC 1.4 (communications), RPC 1.16 (declining or terminating representation), RPC 3.1 (meritorious claims and contentions), RPC 4.4 (respect for rights of third persons), RPC 5.3 (responsibilities regarding non-lawyer assistants), RPC 5.5 (unauthorized practice of law), and RPC 8.4 (misconduct). The agreed-upon discipline provides that Rogers be suspended from the practice of law for 6 months, stayed, with an actual suspension for 90 days, and that he serve 1 year of probation subject to conditions. The conditions of the probationary period are as follows:

- Rogers shall continue attending Alcoholics Anonymous meetings and submit evidence of his attendance to the office of bar counsel on a quarterly basis.

- Rogers is prohibited from engaging in the solo practice of law or managing a law practice.

- Rogers is prohibited from any professional association with Carmela De Vera.

- Rogers shall promptly and completely respond to any grievances filed against him or any requests for information from the state bar.

- Rogers shall not engage in professional misconduct that results in the imposition of disciplinary sanctions.

Having reviewed the record of the disciplinary proceedings and the attached exhibits, we again reject the conditional guilty plea agreement. *See* SCR 113(1); *In re Kenick*, 100 Nev. 273, 680 P.2d 972 (1984). As stated in our previous order, we view Rogers' acts of

misconduct as a serious breach of the Nevada Rules of Professional Conduct warranting the imposition of discipline greater than a one-year, stayed suspension and one year of probation. The panel's choice to cut the suspension period in half, thereby obviating Rogers's potential obligation to seek formal reinstatement, and eliminating the public reprimand to be issued at the conclusion of his probation—even accepting the 90-day actual suspension—does not impose a harsher sanction. Accordingly, we again remand this matter to the Southern Nevada Disciplinary Board for further proceedings.[1]

IT IS SO ORDERED.[2]

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                              Hardesty

_____, J.          _____, J.
Parraguirre                            Douglas

_____, J.          _____, J.
Cherry                                 Saitta

_____

[1]We would be inclined to accept an agreement that imposed a stayed suspension of six months and one day, 90 days actual suspension, one year of probation and the recommended conditions of probation, and a public reprimand at the end of the probationary period.

[2]This order constitutes our final disposition of this matter. Any future proceedings concerning Rogers shall be filed under a new docket number.

cc: Jeffrey Albregts, Chair, Southern Nevada Disciplinary Board
David A. Clark, Bar Counsel
Michael J. Warhola, LLC
Kimberly K. Farmer, Executive Director, State Bar of Nevada

SUPREME COURT
OF
NEVADA

(O) 1947A