An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF HARVEY WHITTEMORE, BAR NO. 1089.

No. 65123

FILED

JUL 03 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DENYING MOTION TO DISMISS, REJECTING RECOMMENDATION, AND REMANDING*

On October 8, 2013, this court entered an order, pursuant to SCR 111, temporarily suspending attorney Harvey Whittemore from the practice of law in Nevada based on his conviction in the United States District Court, District of Nevada, of three felonies, and we referred the matter to the Northern Nevada Disciplinary Board "for the initiation of formal disciplinary proceedings in which the sole issue to be determined is the extent of discipline to be imposed." *In re Discipline of Whittemore*, Docket No. 64154 (Order of Temporary Suspension and Referral to Disciplinary Board, October 8, 2013); SCR 111(7), (8). Subsequently, Whittemore filed a motion, pursuant to SCR 111(7), for reinstatement or to set aside his temporary suspension, which this court denied. *Whittemore*, Docket No. 64154 (Order Denying Petition for Reinstatement, November 13, 2013).

In January 2014, a formal disciplinary hearing was held before a panel of the Northern Nevada Disciplinary Board. At the

SUPREME COURT
OF
NEVADA

(O) 1947A

14-21846

conclusion of the hearing, the panel recommended that the imposition of discipline be postponed until Whittemore's appeal of his criminal matter, currently pending in the Ninth Circuit Court of Appeals, is concluded. *See* SCR 111(8) ("The panel may, for good cause, postpone the proceeding until all appeals from the conviction have been concluded."). The panel also recommended that Whittemore's temporary suspension, previously imposed by this court, be lifted pending the conclusion of his criminal appeal. The parties appear to agree that service of the panel's recommendation and decision occurred on January 31, 2014, the same day it was filed with the State Bar.

On March 4, 2014, the record of the disciplinary proceedings was filed in this court. Whittemore filed a motion to dismiss the instant matter for lack of jurisdiction.[1] Whittemore argues that this matter is governed by SCR 105(3)(a), which provides that where a recommendation from a disciplinary panel does not contemplate public reprimand, suspension, or disbarment, then "[t]o the extent not inconsistent with these rules, an appeal from a decision of a hearing panel shall be treated as would an appeal from a civil judgment of a district court and is governed by the Nevada Rules of Appellate Procedure." To initiate an appeal from a civil judgment, Whittemore contends, the Nevada Rules of Appellate Procedure require the appealing party to file a notice of appeal with the district court or, in the instant matter, with the disciplinary panel. Because the State Bar never filed a notice of appeal, Whittemore

---

[1]The parties have also briefed the matter as allowed under SCR 105(3).

argues that this court lacks jurisdiction to review this matter and the disciplinary panel's recommendation and decision is "final and effective."

The State Bar argues that this matter is subject to our automatic review, under SCR 105(3)(b), wherein our review is "commenced by bar counsel forwarding the record of the hearing panel proceedings to the court within 30 days of entry of the decision." We agree with the State Bar.[2]

Under SCR 105(3)(b), a disciplinary panel's recommendation of suspension subjects that recommendation to our automatic review. Although the panel did not recommend suspension, its recommendation that Whittemore's temporary suspension be lifted likewise brings the decision under our automatic review. *See* SCR 111(7) (providing that "[f]or good cause, *the court* may set aside *its order*" of temporary suspension (emphases added)); *cf. In re Kenick*, 100 Nev. 273, 275, 680 P.2d 972, 974 (1984) (stating that "any order of suspension or disbarment may only be made by this court"). Additionally, the panel's decision to postpone the disciplinary proceedings until Whittemore's criminal appeal is resolved also subjects the decision to our automatic review. SCR 111(8) states that a "panel may, for good cause, postpone the [disciplinary] proceeding until all appeals from the conviction have been concluded." The panel's good-cause determination is subject to this court's review; to proceed otherwise

_____

[2]Contrary to Whittemore's contention, the record of the disciplinary proceedings was timely filed by the State Bar. Although not formally filed in this court until March 4, 2014, the record was received for filing, via our electronic filing system, on February 27, 2014, within 30 days of January 31, 2014, the date the panel's recommendation and decision was filed with the State Bar. *See* NEFCR 8(a).

would be inconsistent with this portion of SCR 111. Accordingly, we deny Whittemore's motion to dismiss this matter, and we will proceed to review the panel's recommendation and decision.

This court's automatic review of a disciplinary panel's findings and recommendations is de novo. SCR 105(3)(b); *In re Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). "Although the recommendations of the disciplinary panel are persuasive, this court is not bound by the panel's findings and recommendation, and must examine the record anew and exercise independent judgment." *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001).

After review of the record, we reject the disciplinary panel's recommendation that Whittemore's temporary suspension be lifted while his criminal appeal is pending. A temporary suspension imposed under SCR 111 remains in effect until formal disciplinary proceedings are completed or until it is lifted by order of this court. *See* SCR 111(7). Whittemore was already afforded the opportunity to show cause for this court to set aside his temporary suspension, and he failed to meet his burden. *See In re Discipline of Whittemore*, Docket No. 64154 (Order Denying Petition for Reinstatement, November 13, 2013). Our decision to deny Whittemore's petition to set aside his temporary suspension was made after careful consideration of the facts as presented to us by Whittemore and the State Bar and of the law pertaining to the lifting of temporary suspensions. There has been no significant occurrence between the filing of our order denying reinstatement and the conclusion of the disciplinary proceedings that would cause us to now rethink our position.

The panel's finding of good cause to postpone the disciplinary proceedings was specifically based on United States District Court Judge

Hicks's December 31, 2013, order in Whittemore's criminal matter allowing Whittemore to stay out of prison pending the resolution of his criminal appeal. Recently, it came to this court's attention that Judge Hicks had entered an order directing Whittemore to report to prison in August 2014, regardless of whether his criminal appeal has been resolved. Based on this, the court ordered both parties to file status reports indicating if and how Judge Hicks's most recent order affects the party's positions in the instant matter. Both parties timely responded and each attached, as Exhibit 1 to their status reports, a copy of Judge Hicks's June 5, 2014, order directing Whittemore to report to prison.

After review of the record, including the parties' status reports and Whittemore's response, we reject the panel's finding of good cause and its recommendation that the disciplinary proceedings be postponed pending the resolution of Whittemore's criminal appeal. We again refer this matter to the same panel of the Northern Nevada Disciplinary Board for the initiation of formal disciplinary proceedings in which the sole issue to be determined is the extent of discipline to be imposed. SCR 111(7), (8). We reiterate the mandate of SCR 111(5), which states that "[a] certified copy of proof of a conviction is *conclusive evidence* of the commission of the crime stated in it in any disciplinary proceeding instituted against an attorney based on the conviction." (Emphasis added). The SCR 111 proceeding is not the proper forum for relitigating the underlying criminal conviction in the instant matter.[3]

---

[3]This is our final disposition of this matter. Any new proceedings concerning Whittemore shall be docketed under a new docket number. Whittemore's motion to expedite the decision of this matter is granted in
*continued on next page . . .*

It is so ORDERED.[4]

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                               Douglas

_____, J.          _____, J.
Cherry                                Saitta

cc:    Thomas Susich, Chair, Northern Nevada Disciplinary Board
       David A. Clark, Bar Counsel
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Bradley Drendel & Jeanney
       Echeverria Law Office
       Perry Thompson, Admissions Office, United States Supreme Court

_____

. . . *continued*

that this court has resolved this matter as expeditiously as its docket allowed.

[4]The Honorable Ron Parraguirre, Justice, has voluntarily recused himself in this matter.

HARDESTY, J., concurring in part and dissenting in part:

I concur in the majority's decision to deny Whittemore's motion to dismiss for lack of jurisdiction and in its determination to again refer the matter to the panel of the Northern Nevada Disciplinary Board to recommend discipline, if any. However, for the reasons expressed in my dissent to this court's November 13, 2013, Order Denying Petition for Reinstatement in Docket No. 64154, the reasons discussed on pages 23-43 of Whittemore's answering brief, and the reasons expressed by the disciplinary panel in support of its recommendation, I would lift Whittemore's temporary suspension and allow him to practice law, subject to the stated limitations, pending final disposition of the disciplinary proceedings or further order of this court. Accordingly, I dissent from that part of the majority's decision rejecting the recommendation to lift Whittemore's temporary suspension.

_____, J.
Hardesty